**TURKEN PLUMBING COMPANY, INC., a corporation, Plaintiff-Respondent,**

v.

**SEVEN TRAILS WEST COMPANY, a Limited Partnership, Consisting of Ballwin Investment Company, a Corporation, General Partner, et al., Defendants-Appellants.**

**No. 34806.**

Missouri Court of Appeals,
St. Louis District.

Jan. 3, 1974.

Rehearing Denied Feb. 11, 1974.

Susman, Stern, Agatstein & Heifetz, Clayton, for defendants-appellants.

Newell S. Ferry, William R. Hirsch, Clayton, for plaintiff-respondent.

PER CURIAM.

Appellants' motion for a new trial was denied on July 13, 1972. The notice of appeal was filed on July 21, 1972. On December 21, 1972, 153 days after that filing, the trial court issued a "nunc pro tunc order" granting appellants an additional 90 days to file their transcript on appeal. That order fails to indicate a finding of excusable neglect and appears to have been issued ex parte. Appellants filed the transcript on January 15, 1973. On January 31, 1973 the respondent filed a motion to dismiss because of the failure of the appellants to comply with the rules relative to the filing of a transcript. On February 21, 1973 appellants filed a motion in this court to approve the late filing of the transcript.

A transcript on appeal shall be filed with the appellate court within 90 days from the date of the filing of the notice of appeal. Rule 81.18, V.A.M.R. The trial court may, upon notice and motion made after the expiration of this 90 day period, permit the transcript to be filed where the failure to do so within the period was the result of excusable neglect. Rules 81.19 and 44.-01(b)(2). But the trial court may not extend this time beyond 6 months from the filing of the notice of appeal. Rule 81.19.

The "nunc pro tunc order" in this case could not extend the time for filing the transcript under these rules in that (1) it reflects neither notice and motion made nor a finding of excusable neglect; and (2) it purports to extend the time period beyond the 6 month limit. In addition, an order nunc pro tunc has the purpose of correcting a clerical error. It is not used for making a new order but can be used to note on the court's records an order previously made but not, at that time, recorded. Abbott v. Seamon, 229 S.W.2d 695 (Mo.App.1950). There is no indication that an order was previously made and was, on December 21, being properly recorded.

We are constrained to dismiss appeals for failure to comply with the

rules where manifest justice does not require our suspension of those rules. Rule 84.08; Ackerman v. Clairtown Investors, Inc., 495 S.W.2d 721 (Mo.App.1973); Donnell v. Vigus Quarries, Inc., 489 S.W. 2d 223 (Mo.App.1972). We have reviewed this case and feel there is nothing to compel our suspension of these rules.

The appeal is dismissed.

All Judges concur.