Simon E. KELLY and Mary Kelly, his wife, Plaintiffs–Appellants,

v.

Helen R. HACKETT and Robert E. Hackett, Defendants–Respondents.

No. 11821.

Missouri Court of Appeals, Southern District, Division One.

Oct. 6, 1980.

Janice P. Noland, Camdenton, for plaintiffs–appellants.

John L. Walker, Phillips, McElyea, Walker & Carpenter Corp., Camdenton, for defendants–respondents.

PER CURIAM.

On May 29, 1980, plaintiffs filed a notice of appeal from the trial court's judgment which directed a verdict at the close of plaintiffs' evidence during a jury trial. The dispute concerned a real estate transaction between the parties.

On August 26, 1980, plaintiffs filed a motion to extend the time for filing the transcript in this court, alleging that "error has been noted in the body thereof [transcript] which requires correction before presentation to the court." The motion was not verified and was not accompanied by an affidavit by the court reporter stating why the transcript could not be filed within the prescribed time as required by Special Rule 3 of the Missouri Court of Appeals–Southern District. No copy of the written order for the transcript was ever filed in this court as required by Rule 81.12(c)[1]. The motion was sustained on August 28, 1980, but was set aside on September 10, 1980, for the reason that it had been improvidently issued.

On August 29, 1980, defendants filed a motion to dismiss the appeal, after having given proper notice to plaintiffs. The motion contends that plaintiffs have violated Rule 81.12(c) in that they did not, within 30 days after filing the notice of appeal, request in writing of the court reporter that a transcript be prepared, did not serve a copy of such request on defendants' counsel, did not file a copy of such request with this court, and had not prepared the legal file and delivered a copy of it to defendants, or designated in writing the contents of the legal file and served a copy of such designation on defendants. On September 15, 1980, defendants filed a amended motion to dismiss the appeal containing substantially the same allegations as the original motion. The amended motion was verified. No suggestions in opposition to the original or amended motion to dismiss were filed by plaintiffs. On September 22, 1980, plaintiffs filed a motion, which, as we read it, is for permission to file the transcript out of time, and to allow the appeal to stand. In the motion, plaintiffs' attorney admits that she did not, at any time prior to September 18, 1980, make a written order for the transcript. She says that she "orally" ordered the transcript, but does not say when such was done.

Defendants' contentions in their motions to dismiss are supported by the record in that 1) no copy of a written order for a transcript was ever filed with this court, or with the trial court prior to September 22, 1980, 2) there is nothing in the record to show that plaintiffs have ever complied

with the provision of Rule 81.12(c) regarding preparation of the legal file, and, 3) there is nothing in the record to show that the court reporter could not have, within the 90 days allowed for the filing of the transcript of the appeal, corrected any so-called "errors" in the transcript.

■ On numerous occasions, the appellate courts of this state have declared that it is their policy to decide cases on the merits, if possible, and have expressed their reluctance to punish innocent parties for the shortcomings of their counsel on appeal. This is commendable, and in case of minor digression from the rules is justified, but there is another side of the coin. It is not the function of the appellate court to serve as an advocate for any party to an appeal—that is the function of counsel. *Thummel v. King*, 570 S.W.2d 679, 686–690 (Mo.banc 1978). By condoning patent rule violations on the part of counsel for one of the parties, we aid him and act as an advocate in his cause, while penalizing his adversary who has followed the rules. Such a practice is inconsistent with the doctrine of fair play which is the heart of the administration of justice. Our observation in this regard is not a new concept. It was clearly enunciated 72 years ago by one of the giants of Missouri jurisprudence, Judge Henry Lamm, in *Sullivan v. Holbrook*, 211 Mo. 99, 103–104, 109 S.W. 668, 670 (1908), where he said:

"If learned counsel had paid attention to the rules of court in the logical arrangement and segregation of his legal propositions, and in the proper citation of his authorities, his case would be in a shape contemplated by the rules, but, as it is, his case is here in the teeth of them. The rules of appellate practice in hand are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. Hence, apparently, they bespeak the dignity arising from obedience. If they are not to be obeyed, they should be done away with once for all. A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men viz., those who labor to obey it–the very ones it should not injure. If the rules in question stand for something and are ever to be enforced, they should be put in motion in this case. Accordingly, they will be applied."

■ Plaintiffs have not, even at this late date, furnished proof that they placed a written order for the transcript, or prepared the legal file and submitted it to defendants' counsel for approval. No certified copy of the transcript has ever been filed with this court, no legal file has ever been filed with this court and no request for additional time to file such has ever been made. The pleadings, which should be part of the legal file, are, with the evidence, the basis for contesting the trial court's action complained of here. Without the pleadings, and a certified transcript, we have no way of knowing if the trial court was right or wrong.

On September 24, 1980, this court served notice on plaintiffs' attorney that unless she showed good cause, on or before October 1, 1980, why this appeal should not be dismissed for the procedural defects noted above, that the appeal would be dismissed. Plaintiffs' attorney did not respond to such notice on or before October 1, 1980. We have no choice but to dismiss the appeal.

Defendants' motion to dismiss the appeal is sustained. Plaintiffs' appeal is dismissed for failure to take the proper steps to secure appellate review, as permitted by Rule 84.27.

All concur.