Dr. John W. CAIN, Plaintiff–Appellant,

v.

Edward J. HERSHEWE and Dawn Bellm, Defendants–Respondents.

No. 15767.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 25, 1989.

plaintiff John W. Cain, a podiatrist, defendant Edward J. Hershewe, a Joplin attorney, addressed a letter to television station KSNF in Joplin. The first paragraph of the letter reads as follows:

"Please be advised that [I represent] Ms. Dawn Bellm with regard to any claim or claims she may have against you or any others resulting from breach of express or implied warranties which arose from your broadcasting of advertisements or commercials concerning John W. Cain and Joplin Podiatry, Inc., and from your negligent failure to investigate or your having negligently investigated the advertisers John W. Cain and Joplin Podiatry, Inc. prior to your accepting and broadcasting their advertisements."

This letter bears the date May 16, 1983. On May 20, 1983, plaintiff Cain, acting pro se, filed a three-count petition which in repetitive and redundant language alleged that the defendants had defamed him by implying that he was not legally qualified to practice his profession and "did not have [the] right to be sold commercial time on the public airways to advertise his practice of his profession." The same charge, or the substance thereof, was repeated in Counts II and III of the plaintiff's petition. Given fair intendment, the plaintiff's initial pleading was intended to aver that defendants Hershewe and Bellm had defamed the plaintiff in his calling as a chiropodist or podiatrist.

On May 29, 1986, defendant Hershewe filed a motion for summary judgment pursuant to Rule 74.04, V.A.M.R. Sundry exhibits were attached to the motion. The plaintiff also filed a motion for summary judgment. On October 31, 1986, the court held a hearing on the motions for summary judgment. It was ordered that: 1) plaintiff's motion for summary judgment be denied; 2) that defendants' motions for summary judgment be granted as to "Counts I and III (as [Count III] related to Count I)" of plaintiff's petition, and 3) that defendants' motions to dismiss Counts II and III be sustained on the grounds that "Count II and Count III (as it relates to Count II)" did not state a claim upon which relief

Dr. John W. Cain, Joplin, for plaintiff-appellant.

Stephen H. Snead, Mann, Walter, Burkart, Weathers & Walter, Springfield, Glenn R. Gulick, Jr., Hershewe & Gulick, Joplin, for defendants-respondents.

HOGAN, Judge.

Believing that his client Dawn Bellm had a claim for medical malpractice against

could be granted. Plaintiff was granted 30 days to amend his petition.

The plaintiff then filed a substantially amended petition which, as the defendants argue, is difficult to characterize. Defendants suggest that the plaintiff was attempting to plead a cause of action for tortious interference with a business relationship or defamation or both and such characterization may be accurate but in the view we take of the appeal, it is unnecessary to construe the plaintiff's amended petition precisely. The defendants filed motions to dismiss the amended petition asserting, inter alia, that plaintiff was barred by collateral estoppel. Both defendants also renewed their motions for summary judgment.

On May 25, 1988, after a hearing, the trial court entered a summary judgment for both defendants. The court did not state its grounds for decision, but suggested it was entering the summary judgment "[d]ue to collateral estoppel and the state of the law in Missouri." The plaintiff has appealed from the order granting defendants a summary judgment.

■ Both defendants have moved the court to dismiss the appeal on the grounds that: 1) plaintiff has wholly failed to comply with the provisions of paragraph (c) of Rule 84.04, which requires that the "statement of facts" be a fair and concise statement of the facts relevant to the questions presented for determination without argument; 2) plaintiff has failed to comply with the requirements of paragraph (d) of Rule 84.04, which requires that the "points relied on" shall state what actions or rulings of the court are sought to be reviewed and "wherein and why" such rulings are claimed to be erroneous, and 3) plaintiff's "statement of facts" and "argument" do not refer to specific pages in the legal file or in the transcript, as required by paragraph (h) of Rule 84.04.

The purpose of paragraph (c) of Rule 84.04 is to require a statement which will afford the reviewing court an immediate, accurate, complete and unbiased understanding of the facts. *Wipfler v. Basler*, 250 S.W.2d 982, 984 (Mo.1952); *Dors v.*

*Wulff*, 522 S.W.2d 325, 326[2] (Mo.App. 1975). Measured by any standard, plaintiff's "statement of fact" does not comply with paragraph (c) of Rule 84.04, and the appeal might properly be dismissed on that ground. The respondents' other complaints are probably valid as well. What the plaintiff fails to understand is that it is not the function of this court to serve as an advocate for either party to the appeal; that is the function of counsel. *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978); *Kelly v. Hackett*, 606 S.W.2d 518, 520[2] (Mo.App.1980). Nevertheless, given the circumstances of the case and the plaintiff's earnest assertion that he has been unfairly dealt with, we decline to dismiss the appeal.

■ It is to be borne in mind that a hearing on a motion for summary judgment is a trial to the court without a jury, *Smith v. A.H. Robins Co.*, 702 S.W.2d 143, 146[4] (Mo.App.1985); *Redeker v. Bradbury*, 680 S.W.2d 403, 405[5] (Mo.App. 1984), and a party appealing from an order granting a summary judgment has a duty to point out the trial court's error with some specificity. See *Reis v. Metropolitan St. Louis Sewer District*, 373 S.W.2d 22, 26 (Mo.1963). As the plaintiff argues, summary judgment is sometimes said to be an extreme and drastic remedy, *Olson v. Auto Owners Ins. Co.*, 700 S.W.2d 882, 884[1] (Mo.App.1985), but an order granting summary judgment is not presumptively erroneous, and as a matter of general law the burden is on the appealing party to demonstrate error. *Delaney v. Gibson*, 639 S.W.2d 601, 604 (Mo. banc 1982); *Massman Construction Co. v. Kansas City*, 487 S.W.2d 470, 478[6] (Mo.1972).

■ The plaintiff argues that the summary judgment was entered "prematurely," although he is not very specific about the prematurity of which he complains. The record before us indicates that on April 29, 1988, the plaintiff was given notice that the motion, or motions, for summary judgment would be heard on May 25, 1988, in Neosho. The judgment entry itself recites that the plaintiff appeared in person pro se. If the plaintiff was not prepared to counter

the affidavits and other proofs which the defendants proposed to offer, plaintiff could have asked for a continuance in the manner prescribed by paragraph (f) of Rule 74.04. See also *Graff v. North Port Development Co.*, 734 S.W.2d 221, 229[5] (Mo. App.1987). The plaintiff made no request for a continuance, and he is in no position to complain in this court.

 The substance of the plaintiff's other complaint concerning the entry of a summary judgment is that the trial court resolved the issues solely upon the basis of its personal bias, prejudice and interest and without reading the file and considering the law. Plaintiff's assertions are not warranted by the record. A day after the hearing on the defendants' second (or renewed) motions for summary judgment, the trial court indicated it believed the present action was barred by collateral estoppel. Apparently, it was the trial judge's impression that the issues tendered in this action had been decided in another and different action styled Cain v. Young and Hershewe, our number 14717, wherein the appeal was dismissed on the ground it was untimely. If the plaintiff wanted specific findings on controverted issues, he should have requested them. See *Dardick v. Dardick*, 670 S.W.2d 865, 867 (Mo. banc 1984). The trial court stated a comprehensible reason for its judgment, for in certain circumstances the doctrine of collateral estoppel may allow strangers to a prior suit to assert that doctrine as a bar to the relitigation of issues previously adjudicated. *Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713, 719[9][10, 11] (Mo. banc 1979); *Estate of Brown v. Bank of Piedmont*, 763 S.W.2d 719, 721–22 (Mo.App.1989). We do not know, of course, what issues were tendered in the other action to which the court referred and we could not take notice of the record in another and different case, even if the record were available to us. *Cain v. Hershewe*, 760 S.W.2d 146, 148 (Mo.App.1988). The plaintiff's argument that the trial court decided the cause solely upon the basis of its prejudices is refuted by the record itself.

Plaintiff's third point is but a repetition of his second, and his fourth point is too abstract to present anything for review. Both the case law and the rules of civil procedure provide that no appellate court shall reverse any judgment unless it finds error against the appellant materially affecting the merits of the action. Rule 84.-13(b); *Machens v. Machens*, 263 S.W.2d 724, 732[7] (Mo.1953). We find no such error in any respect briefed or argued in this court and accordingly the judgment is affirmed.

FLANIGAN, P.J., and MAUS, J., concur.