STATE of Missouri, Respondent,

v.

Matthew Calhoun SHELTON,
Appellant.

No. SD 31058.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 27, 2012.

Motion for Rehearing and Transfer Denied
March 16, 2012.

Application for Transfer Denied
May 1, 2012.

Craig A. Johnston, Columbia, for Appellant.

Chris Koster, Atty. Gen. and Laura E. Elsbury, Asst. Atty. Gen., Jefferson City, for Respondent.

DANIEL E. SCOTT, Judge.

Matthew Shelton appeals his convictions for second-degree domestic assault, a felony,[1] and the misdemeanor of resisting lawful detention. We consider here only his second point, couched as an insufficiency-of-evidence claim as to the felony, but which turns on statutory interpretation.[2]

### Shelton's Arguments re § 565.073.1(1) Assaults

Shelton used his fists to beat his wife's face. He claims, nonetheless, that he did not violate § 565.073.1(1)'s prohibition against injuring a family member "by any means, including but not limited to, by use of a deadly weapon or dangerous instrument, or by choking or strangulation."

---

1. Under RSMo § 565.073.1(1), a person commits second-degree domestic assault if he or she attempts to cause or knowingly causes physical injury to a family or household member by any means, including but not limited to, by use of a deadly weapon or dangerous instrument, or by choking or strangulation.

2. As to Shelton's other points, we affirm the judgment per Missouri Court Rule 30.25. All judges agree, after careful consideration, that an extended opinion on those claims would have no precedential value. We have furnished the parties a memorandum, for their information only, explaining our disposition of those points.

If injury "by any means" is taken literally, Shelton argues, then "by use of a deadly weapon or dangerous instrument, or by choking or strangulation" is rendered meaningless. He contends that every word in a statute should be given effect and that the legislature is presumed not to enact meaningless provisions. *See State v. Stewart*, 113 S.W.3d 245, 249 (Mo.App. 2003). Citing *ejusdem generis*—the concept that specific enumeration is useful in determining the scope and extent of general words[3]—Shelton urges that "by any means" refers, and must be limited, only to means *similar to* deadly weapons, dangerous instruments, choking, or strangulation.

Shelton asks us to follow *State v. William*, 100 S.W.3d 828 (Mo.App.2003), which applied *ejusdem generis* to reverse an inmate's conviction of violating § 217.360.1(4), which prohibited him from possessing:

> Any gun, knife, weapon, or other article or item of personal property that may be used in such manner as to endanger the safety or security of the correctional center or as to endanger the life or limb of any offender or employee of such a center.

William had possessed a cell phone, which "no doubt" could be used to endanger safety or security of the facility, employees, or inmates (to aid in escape, procuring contraband, etc.). *Id.* at 833. Yet the phone was not a "gun, knife, [or] weapon," so the Western District had to "determine whether the legislature intended that it fit within the phrase 'other article or item of personal property.'" *Id.* The court cited *ejus-

*dem generis* in finding otherwise, because "a cellular telephone and charger do not fit within the general prohibition of the statute. They are of a wholly different category than guns, knives, and weapons. Unlike a cell phone, guns, knives and weapons are of themselves inherently dangerous." *Id.*

### Analysis

■ Shelton's arguments, while not unreasonable, ultimately do not convince us. For one thing, *ejusdem generis* ("of the same kind") seems better suited to an *"A, B, C, or other such item"* pattern, a type of which was at issue in *William,* than the word structure here (*"by any means, including but not limited to"* listed examples ). The meager fruit of our search for cases considering "any means" statutes and *ejusdem generis* suggests, if anything, the same conclusion.[4]

More importantly, we cannot adopt Shelton's interpretation unless, as a practical matter, we ignore our legislature's clear and plain words. When a statute says "by any means, including but not limited to," we are reluctant to find, absent very strong evidence, that our lawmakers misunderstood these words or meant something quite different.

■ Our legislature's concern with, and action against, domestic violence extends back more than three decades and reflects the nationwide trend. *See State ex rel. Williams v. Marsh,* 626 S.W.2d 223, 226 (Mo. banc 1982). Having considered Shelton's arguments to limit § 565.073.1(1), we cannot discern such legislative intent confi-

---

**3.** *See Standard Operations, Inc. v. Montague,* 758 S.W.2d 442, 444–45 (Mo. banc 1988).

**4.** We found one case, *Coffman v. Com.,* 188 Va. 553, 50 S.E.2d 431, 435 (1948), which considered a law prohibiting use of "any means" with intent to destroy an unborn child or to produce an abortion, and held:

"The rule of *ejusdem generis* does not apply and the prohibition is all-inclusive against any means." *Coffman* later was cited in *Anderson v. Com.,* 190 Va. 665, 58 S.E.2d 72, 74–75 (1950) and *Simopoulos v. Com.,* 221 Va. 1059, 277 S.E.2d 194, 199 (1981).

dently enough to grant Point II. Thus, we affirm the judgment of conviction.[5]

BARNEY and BATES, JJ., concur.

**5.** As a matter of general law, the burden is on the appealing party to demonstrate error. *Cain v. Hershewe*, 777 S.W.2d 298, 300 (Mo. App.1989). The legislature, of course, can respond if we have misread its intent as to this statute.