

# In the Missouri Court of Appeals
## Eastern District
### DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED101513 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Hon. Thomas C. Grady |
| SEAN MAURICE JOHNSON, | ) | |
| | ) | Filed |
| Appellant. | ) | September 22, 2015 |

Sean Maurice Johnson ("Defendant") appeals from the judgment of the trial court upon his convictions for first-degree assault, Section 565.050, RSMo 2000,[1] and armed criminal action, Section 571.015. Defendant argues the trial court: (1) erred in not *sua sponte* ordering an evaluation of, and deciding to hold a hearing concerning Defendant's competency to understand the proceedings against him and to assist in his own defense because there was reasonable cause to believe Defendant was not competent; (2) abused its discretion in not granting Defendant's request for a continuance to have his competency evaluated; (3) plainly erred in ordering Defendant to be removed from the courtroom during the first half of the State's argument until the case was submitted to the jury; and (4) erred in refusing his Instruction A for the lesser-included offense of second-degree assault. We reverse and remand for a new trial.

---

[1] All further statutory references are to RSMo 2000, unless otherwise indicated.

Defendant was a student at Steven's Institute of Business and Art. The day before the incident he went to the school to discuss his financial aid with Greg Elsenrath, the Director of Financial Aid. Defendant had a heated exchange with Elsenrath. The next day Defendant returned to the school and discussed his financial aid again with Elsenrath. Defendant then left Elsenrath's office before stepping back in and shooting Elsenrath once in the chest.[2]

Defendant then fled the scene, but while in the hallway of the school, during his escape, he shot himself. The police located him with a gunshot wound to his side approximately 15 feet from where he shot Elsenrath. The gun was also found containing three live rounds inside and the serial number was scratched such that it was unreadable.

Defendant was charged with first-degree assault, armed criminal action, and possession of a defaced firearm. He was found guilty by a jury of first-degree assault and armed criminal action, but was found not guilty of possession of a defaced firearm. Defendant was sentenced, as a prior and persistent offender, to thirty years of imprisonment for each conviction to be served consecutive to each other. This appeal follows.

Because we find Defendant's fourth point to be dispositive, we address it first. In his fourth point, Defendant argues the trial court erred in refusing his Instruction A for the lesser-included offense of second-degree assault. We agree.

We review de novo a trial court's decision whether to give a requested jury instruction under Section 556.046, RSMo Cum. Supp. 2002, and, if the statutory requirements for giving such an instruction are met, a failure to give a requested instruction is reversible error. State v. Jackson, 433 S.W.3d 390, 395 (Mo. banc 2014). Section 556.046.3 provides: "[t]he court shall be obligated to instruct the jury with respect to a particular included offense only if there is a basis in the evidence for acquitting the defendant of the

---

[2] Elsenrath had to undergo surgery to remove the bullet, but he survived.

immediately higher included offense and there is a basis in the evidence for convicting the defendant of that particular included offense."

Instruction A provided:

> As to Count I, if you do not find [Defendant] guilty of assault in the first degree as submitted in Instruction No. ___, you must consider whether he is guilty of assault in the second degree.
> As to Count I, if you find and believe from the evidence beyond a reasonable doubt:
> That on or about January 15, 2013 in the City of Saint Louis, State of Missouri, [Defendant] recklessly caused seriously physical injury [to] Gregory Elsenrath by shooting him, then you will find [Defendant] guilty of assault in the second degree under this instruction.
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find [Defendant] not guilty of that offense under this instruction.
> A person acts "recklessly" as to causing serious physical injury if he consciously disregards a substantial and unjustifiable risk that his conduct will result in serious physical injury and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.
> As used in this instruction, the term "serious physical injury" means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body.

Defendant contends, and the State concedes, the trial court was required to provide this instruction to the jury because there was a basis for acquitting Defendant of first-degree assault and for convicting him of second-degree assault. Assault, second degree, is prescribed by statute as a lesser-included offense of assault, first degree. State v. Whalen, 49 S.W.3d 181, 188 (Mo. banc 2001).

A court is obligated to give an instruction on a lesser-included offense when each of the following requirements is met: (1) a party timely requests the instruction; (2) there is a basis in the evidence for acquitting the defendant of the charged offense; and (3) there is a

3

basis in the evidence for convicting the defendant of the lesser included offense for which the instruction is requested.  State v. Jackson, 433 S.W.3d 390, 396 (Mo. banc 2014).

In this case, the parties agree Defendant made a timely request.  Further, there was a basis to acquit Defendant of the charged offense because the jury did not have to believe Defendant attempted to kill or cause serious physical injury to Elsenrath.  Defendant testified he did not intend to kill Elsenrath, and the jury could have believed him.  In addition, the jury could have disbelieved any part of the State's case.  As a result, there was a basis for the jury to acquit Defendant of first-degree assault.  Lastly, there was a basis to convict Defendant of the included offense.  The only difference between the instruction for first-degree assault and the proposed instruction for second-degree assault is the required mental state, which was "purposely" for first-degree assault and "recklessly" for second-degree assault.  We note when recklessness suffices to establish a culpable mental state, it is also established if a person acts purposely or knowingly.  Section 562.021.4.  Thus, if the jury could find Defendant acted purposely, it could have also found he acted recklessly.  In addition, Defendant testified "I didn't look at him when I shot him.  I didn't know – when I shot him I thought I shot him in the arm.  I didn't intend to shoot him."  This testimony could have been weighed differently by the jury had it had the option to consider whether Defendant acted recklessly.

As a result, we find the trial court was obligated to give an instruction on the lesser-included offense of second-degree assault.  Therefore, the trial court erred in refusing Defendant's Instruction A for the lesser-included offense of second-degree assault.  Point granted.

Because Defendant is entitled to a new trial, we need not address his other three points on appeal. In Defendant's first point, he argued the trial court erred in not *sua sponte* ordering an evaluation of and deciding to hold a hearing concerning Defendant's competency to understand the proceedings against him and to assist in his own defense because there was reasonable cause to believe Defendant was not competent. Defendant's counsel is certainly aware of any potential issues regarding Defendant's competency that may arise on re-trial. As a result, there is no need to evaluate whether the trial court *sua sponte* erred in failing to order an evaluation of Defendant's competency. In addition, we need not address Defendant's arguments that the trial court abused its discretion in not granting Defendant's request for a continuance to have his competency evaluated, or that it plainly erred in ordering Defendant to be removed from the courtroom during the first half of the State's argument until the case was submitted to the jury. Such determinations would amount to advisory opinions because they concern issues that are not certain to arise on re-trial. It is not our prerogative to offer advisory opinions on hypothetical issues. State v. Wright, 431 S.W.3d 526, 534 (Mo. App. W.D. 2014).

The judgment of the trial court is reversed and the case is remanded for a new trial before a properly instructed jury.

ROBERT G. DOWD, JR., Presiding Judge

Lisa S. Van Amburg, C. J. and
Roy L. Richter, J., concur.