

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD33968 |
| | ) | |
| RODMAN L. COMSTOCK, | ) | Filed June 9, 2016 |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable J. Dan Conklin

REVERSED AND REMANDED

Rodman L. Comstock ("Defendant") was charged with assault in the first degree, *see* section 565.050, RSMo 2000, and armed criminal action, *see* section 571.015, RSMo 2000, for stabbing Henry Weber. Following a jury trial, Defendant was found guilty on both counts and sentenced to ten years in the Department of Corrections on the assault charge, plus a concurrent three-year term for armed criminal action. On appeal, Defendant asserts that the trial court erred in refusing his tendered self-defense instruction directed toward Weber's alleged commission of a forcible felony against him. We agree, reverse his convictions, and remand the case for a new trial.

1

## Standard of Review

We review the trial court's refusal to submit Defendant's self-defense instruction *de novo*. ***State v. Johnson***, 470 S.W.3d 767, 768 (Mo.App. 2015). On appeal:

> The Court will reverse due to instructional error if there is error in submitting an instruction and prejudice to the defendant. To ascertain whether or not the omission of language from an instruction is error, the evidence is viewed in the light most favorable to the defendant and the theory propounded by the defendant. If the evidence tends to establish the defendant's theory, or supports differing conclusions, the defendant is entitled to an instruction on it.
>
> The general rule is that an instruction must be based upon substantial evidence and the reasonable inferences therefrom. Substantial evidence of self-defense requiring instruction may come from the defendant's testimony alone as long as the testimony contains some evidence tending to show that he acted in self-defense.

***State v. Westfall***, 75 S.W.3d 278, 280 (Mo. banc 2002) (internal citations and quotations omitted).

> Missouri has traditionally placed great emphasis on legally correct instructions, and this Court has made it clear that criminal defendants should be freely allowed to argue their contentions arising from the facts. . . . Failure to provide the required instruction, or give it in accordance with an accompanying Note on Use, may . . . adversely influence[] the jury and is reversible error. Such errors are presumed to prejudice the defendant unless it is clearly established by the State that the error did not result in prejudice.

*Id.* at 284 (internal citations, quotations, and original brackets omitted).

## Evidentiary and Procedural Background

Defendant does not challenge the sufficiency of the evidence supporting his convictions but rather raises the narrow legal issue of whether a self-defense instruction with specific language related to Weber's alleged commission of a forcible felony should have been submitted to the jury. In accordance with our standard of review, the following evidence favorable to the Defendant and his self-defense theory was presented at trial.

Defendant was married to Weber's mother for twelve or thirteen years and, although they had divorced, they lived together in the same house. Weber began living with them in that house

2

in 2013. Weber occupied three of the four upstairs bedrooms, his mother slept on a daybed in the living room, and Defendant occupied the main bedroom on the first floor. At the time of the altercation at issue, Defendant weighed 165 pounds; Weber weighed 269 pounds and was 54 years old.

On July 20, 2013, Defendant was home alone when he heard Weber come home. Weber, who was no longer happy with Defendant living in the home, came to Defendant's bedroom and told Defendant that he "wasn't wanted." Defendant did not typically allow Weber access to his bedroom and asked Weber to leave on this occasion and talk to his mother about his concerns. Weber then "lowered his hands from the door" and "came at [Defendant]." Defendant stood up from the bed but Weber "got right up against [Defendant] and shoved him down on the bed." Defendant was scared because he "didn't know whether [Weber] was going to stop." Weber had previously pushed Defendant and had only stopped "because [his mother] was there." Defendant knew that Weber had been drinking because he could smell beer on Weber's breath,[1] and he also knew that Weber typically carried a knife on his person. After Weber pushed Defendant onto the bed, Defendant grabbed a knife that he kept on the dresser. Weber backed up a step and Defendant stood up. Weber "came at" Defendant again, and Defendant believed he stabbed Weber on his lower left side because Weber backed up. Weber "started coming at" Defendant again so Defendant stabbed Weber again in Weber's lower chest. Weber then "grabbed ahold" of Defendant and "pulled [Defendant] with him toward the door[,]" where they "both went down[,]" and Weber "came down on top" of Defendant. Defendant "couldn't get [Weber] off so [Defendant] stabbed him in the back." At that point, Weber "rolled off" of Defendant and Defendant "ran out the back door."

---

[1] It was later determined that Weber had a blood alcohol content of 0.346.

3

During the instruction conference, defense counsel submitted what was designated as Instruction D:[2]

## INSTRUCTION NO. D

One of the issues in this case is whether the use of force by the defendant against Henry Weber was lawful. In this state, the use of force, including the use of deadly force, to protect oneself is lawful in certain situations.

In order for a person lawfully to use non-deadly force in self-defense, he must reasonably believe such force is necessary to defend himself from what he reasonably believes to be *the imminent commission of a forcible felony*.

*But a person is not permitted to use deadly force unless he reasonably believes that the use of deadly force is necessary to protect himself against the commission of a forcible felony.*

As used in this instruction, "deadly force" means physical force which is used with the purpose of causing or which a person knows to create a substantial risk of causing death or serious physical injury.

As used in this instruction, the term "reasonably believe" means a belief based on reasonable grounds, that is, grounds that could lead a reasonable person in the same situation to the same belief. This depends upon how the facts reasonably appeared. It does not depend upon whether the belief turned out to be true or false.

*A forcible felony includes domestic assault in the second degree.*

On the issue of self-defense in this case, you are instructed as follows:

First, if the defendant reasonably believed that the use of force was necessary to defend himself from what he reasonably believed to be the imminent commission of domestic assault in the second degree by Henry Weber, and

Second, the defendant reasonably believed that the use of deadly force was necessary to protect himself from the commission of domestic assault in the second degree by Henry Weber, then his use of deadly force is justifiable and he acted in lawful self-defense.

The state has the burden of proving beyond a reasonable doubt that the defendant did not act in lawful self-defense. Unless you find beyond a reasonable doubt that the defendant did not act in lawful self-defense, you must find the defendant not guilty.

*As used in this instruction, the term "domestic assault in the second degree" means Henry Weber attempted to cause physical injury to [Defendant] by pushing him, and that [Defendant] and Henry Weber resided together.*

A person attempts to cause physical injury when, for the purpose of causing that result, he does an act which is a substantial step toward causing that result. A substantial step is conduct which is strongly corroborative of the firmness of the person's purpose to cause that result.

---

[2] Although Instruction D pertains only to assault, the jury found Defendant guilty of armed criminal action pursuant to Instruction 9, which states that Defendant is only to be found guilty if Defendant "is guilty of the offense of assault in the first degree." Therefore, if Instruction D invalidates Defendant's conviction for assault, it necessarily invalidates his conviction for armed criminal action as well.

As used in this instruction, the term "serious physical injury" means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body.

MAI-CR 3d 306.06A
Submitted by Defendant

(Emphasis added.)

Discussions with the trial court surrounding the applicability of this instruction largely concerned whether domestic assault in the second degree was an issue in this case. The parties agreed that the instruction generally applied to a situation where a defendant and the other individual involved in an altercation reside together but disagreed as to whether pushing by the other person could constitute the offense of domestic assault in the second degree. The trial court refused Defendant's proposed instruction, and the jury was instructed under an alternate self-defense instruction submitted by the State:

INSTRUCTION NO. <u>11</u>

One of the issues as to Count I is whether the use of force by the defendant against Henry Weber was lawful. In this state, the use of force, including the use of deadly force, to protect oneself is lawful in certain situations.

A person can lawfully use force to protect himself against an unlawful attack.

In order for a person lawfully to use non-deadly force in self-defense, he must reasonably believe such force is necessary to defend himself from what he believes to be *the imminent use of unlawful force*.

*But, a person is not permitted to use deadly force unless he reasonably believes that the use of deadly force is necessary to protect himself against death or serious physical injury.*

As used in this instruction, "deadly force" means physical force which is used with the purpose of causing or which a person knows to create a substantial risk of death or serious physical injury.

As used in this instruction, the term "reasonably believe" means a belief based on reasonable grounds, that is, grounds that could lead a reasonable person in the same situation to the same belief. This depends upon how the

5

facts reasonably appeared. It does not depend upon whether the belief turned out to be true or false.

On the issue of self-defense as to Count I, you are instructed as follows:

First, if the defendant reasonably believed that the use of force was necessary to defend himself from what he reasonably believed to be the *imminent use of unlawful force*, and

Second, the defendant reasonably believed that the use of deadly force was necessary *to protect himself from death or serious physical injury* from the acts of Henry Weber, then his use of deadly force is justifiable and he acted in lawful self-defense.

The state has the burden of proving beyond a reasonable doubt that the defendant did not act in lawful self-defense. Unless you find beyond a reasonable doubt that the defendant did not act in lawful self-defense, you must find the defendant not guilty under Count I.

As used in this instruction, the term "serious physical injury" means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted toss or impairment of the function of any part of the body.

(Emphasis added.)

The jury was also instructed, *inter alia*, on assault in the first degree, assault in the second degree, and assault in the third degree, in addition to armed criminal action. The jury returned a guilty verdict for assault in the first degree and armed criminal action. In Defendant's motion for new trial, Defendant included a claim that the trial court erred in refusing Defendant's self-defense instruction. That motion was denied. Following sentencing, Defendant timely appeals.

**Discussion**

In his sole point relied on, Defendant contends the trial court erred in refusing to submit Instruction D to the jury because "the jury could have found that Henry Weber was committing, or attempting to commit, the forcible felony of domestic assault in the second degree against [Defendant] at the time [Defendant] stabbed him, and that [Defendant] reasonably believed that deadly force was necessary to defend himself[.]"

6

Self-defense is codified in section 563.031,[3] which provides in relevant part:

> 2. A person may not use deadly force upon another person under the circumstances specified in subsection 1 of this section unless:
>
> (1) He or she reasonably believes that such deadly force is necessary to protect himself, or herself or her unborn child, or another against death, serious physical injury, or *any forcible felony*[.]

Section 563.031.2(1) (emphasis added). The language in this section is clear and plain. Subject to the other requirements in this section, a defendant may use deadly force for protection when confronted with three situations: death, serious physical injury, or any forcible felony.

A forcible felony is "any felony involving the use or threat of physical force or violence against any individual, including but not limited to murder, robbery, burglary, arson, kidnapping, assault, and any forcible sexual offense[.]" Section 563.011.3.

Domestic assault in the second degree is a type of assault and is defined, in pertinent part, as:

> 1. A person commits the crime of domestic assault in the second degree if the act involves a family or household member, including any child who is a member of the family or household, as defined in section 455.010, and he or she:
>
> (1) Attempts to cause or knowingly causes physical injury to such family or household member *by any means, including but not limited to*, by use of a deadly weapon or dangerous instrument, or by choking or strangulation[.]

Section 565.073.1(1) (emphasis added). "Domestic assault in the second degree is a class C felony." Section 565.073.2.

Defendant contends that "[b]y its plain language, the term 'forcible felony' includes the crime of domestic [assault] in the second degree, because that crime is a 'felony involving the use or threat of physical force or violence against any individual.'" The State does not argue or

---

[3] Statutory references to Chapter 563 and 565 are to RSMo Cum.Supp. 2012.

contend otherwise, but assumes, "*arguendo*, that a 'forcible felony' includes domestic assault in the second degree[.]"

Rather, the State argues that Weber's conduct does not constitute domestic assault in the second degree because Defendant's testimony that Weber pushed him was not "'substantial evidence' that [Weber] attempted to cause or knowingly caused 'physical injury' to Defendant 'by any means, including but not limited to, by use of a deadly weapon or dangerous instrument, or by choking or strangulation[,]'" citing section 565.073.1(1).[4]  We disagree.

In *State v. Shelton*, 363 S.W.3d 183 (Mo.App. 2012), the defendant used his fists to beat his wife's face and argued on appeal that *ejusdem generis*[5] should apply to section 565.073.1(1), such that "by any means" would be limited to means similar to deadly weapons, dangerous instruments, choking, or strangulation.  *Id.* at 183-84.  This court held that the defendant's suggested limitations were not well-suited to statutes containing the language "by any means, including but not limited to[,]" especially section 565.073, given our legislature's concern with domestic violence and the failure of other remedies (peace bonds, regular criminal process, and tort law) to aid those impacted by domestic assault and to prevent further abuse.  *Id.* at 184; *State ex rel. Williams v. Marsh*, 626 S.W.2d 223, 226 (Mo. banc 1982).  The State's argument here resembles the defendant's argument in *Shelton*, and we will not depart from *Shelton* simply because it is Weber's conduct at issue here and not Defendant's.

The statute plainly states that physical injury[6] may be attempted "by any means."  "Any" means "all."  *Alack v. Vic Tanny Int'l of Missouri, Inc.*, 923 S.W.2d 330, 337 (Mo. banc 1996) (citing *Webster's Third New Int'l Dictionary* 54, 97 (1976)).  In the context of Weber's 100-

---

[4] The State does not argue that Defendant and Weber do not meet the familial or residency requirement of domestic assault in the second degree.  *See* section 565.073.1.

[5] "[T]he concept that specific enumeration is useful in determining the scope and extent of general words[.]" *Shelton*, 363 S.W.3d at 184.

[6] "'Physical injury' means physical pain, illness, or any impairment of physical condition[.]"  Section 556.061(20).

pound weight advantage over Defendant, a jury could have reasonably inferred that Weber's pushing of Defendant as described in the evidence was the *means* by which Weber attempted to cause physical injury to Defendant. This evidence constitutes substantial evidence to support domestic assault in the second degree, and the trial court should have submitted to the jury Defendant's proffered self-defense instruction premised upon this forcible felony.[7]

The State also argues that Instruction 11, nevertheless, adequately instructed the jury concerning Weber's assaultive conduct toward Defendant because the jury was instructed concerning the "use or imminent use of unlawful force," citing **State v. Allred**, 338 S.W.3d 375 (Mo.App. 2011).

In **Allred**, the defendant hit his wife with a knife after she stabbed him with the knife. **Id.** at 379. On appeal, the defendant argued that the trial court should have *sua sponte* modified the self-defense instruction to include language noting that the defendant could use *deadly force* if he reasonably believed it was necessary to protect himself from the commission of any forcible felony. **Id.** at 380. This court did not find plain error because

> MAI–CR3d 306.06A authorizes the court, in instructing on the issue of self-defense, to choose from several alternative phrases *as the facts of the case require*. The trial court instructed the jury that Appellant was lawfully entitled to use force in self-defense if he reasonably believed such force was necessary to defend himself from what he reasonably believed to be the imminent use of unlawful force. The jury was told that Appellant must have reasonably believed that force was necessary to protect himself from death or serious physical injury.

---

[7] The State also argues that "Defendant's contention that deadly force is authorized to any person who is merely pushed by an unarmed individual would obviously produce absurd and dangerous results." The State misunderstands the issue before this court and the trial court. The only question before this court is "[w]hether the evidence raises the issue of self-defense[,] a question of law." **State v. Nunn**, 697 S.W.2d 244, 246 (Mo.App. 1985). Once the issue is raised by the *evidence*, the existence of the *facts* establishing that defense is a determination for the jury. *See* **State v. Jackson**, 433 S.W.3d 390, 400 (Mo. banc 2014) ("no evidence ever proves an element of a criminal case until all [twelve] jurors believe it, and no inference ever is drawn in a criminal case until all [twelve] jurors draw it"). We do not hold that Defendant's use of force was factually authorized here, only that the jury was entitled to determine whether it was authorized. The jury may conclude, as the State speculates, that Defendant's response (stabbing Weber) was not proportional to Weber's conduct (pushing). MAI–CR3d 306.06A, Notes on Use 6 contemplates that the proportionality of the defendant's conduct to the other person's conduct will be taken into account by the jury and therefore, "deference should be given to the defendant's preference on the choice of the forcible felony [for example, first or second degree assault] that describes [the other person's] conduct."

9

> . . . Pursuant to the instruction's notes on use, when the alleged "forcible felony" is assault, the court may simply choose to use the "use or imminent use of unlawful force" language. MAI–CR3d 306.06A, Notes on Use 6.

*Id.* (emphasis added).

Using "use or imminent use of unlawful force" interchangeably with "forcible felony" was appropriate in *Allred* because Allred's theory of self-defense and the self-defense evidence supported that the other party to the altercation used deadly force (stabbing with a knife) against him and the jury was instructed that he was authorized to protect himself from death or serious physical injury. *Id.* at 379-80. Under its facts, Allred's self-defense theory and evidence were premised upon a forcible felony that involved the attempted infliction of serious physical injury or death upon him.

Here, the jury was instructed regarding both Defendant's use of deadly and non-deadly force (as required by MAI-CR3d 306.06A), but only the provision concerning Defendant's use of non-deadly force employed the language "use or imminent use of unlawful force[.]" The jury was instructed, however, that Defendant was only permitted to use deadly force if he reasonably believed such force was necessary "to protect himself against death or serious physical injury." The jury here could have found that Defendant used deadly force to protect himself from a forcible felony that involved Weber's attempt to inflict only physical injury upon him, not serious physical injury or death. Unlike in *Allred*, under the facts of this case and Defendant's theory of self-defense where the forcible felony of domestic assault in the second degree (pushing) was not likely to result in death or serious physical injury, the trial court should have given Defendant's proposed instruction, which stated that he was "not permitted to use deadly force unless he reasonably believes that the use of deadly force is necessary to protect himself against the commission of a forcible felony." The failure, therefore, to instruct the jury on self-defense as Defendant requested was reversible error. Defendant's point is granted.

10

## Conclusion

Defendant's convictions are reversed, and the case is remanded for a new trial.

GARY W. LYNCH, J., OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J., concurs

WILLIAM W. FRANCIS, JR., J., concurs in separate concurring opinion



# Missouri Court of Appeals
## Southern District
### Division Two

STATE OF MISSOURI,               )
                                 )
    Plaintiff-Respondent,        )
                                 )
vs.                              )    No. SD33968
                                 )
RODMAN L. COMSTOCK,              )    Filed June 9, 2016
                                 )
    Defendant-Appellant.         )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable J. Dan Conklin, Circuit Judge

**CONCURRING OPINION**

I concur. I write separately to emphasize that based upon the specific record before us, the potential offense of domestic assault was one of the fact issues for the jury to consider. By refusing Instruction D, the trial court erred because it concluded there was no substantial evidence for the jury to find that there was a forcible felony of domestic assault in the second degree.

Although there was just barely enough evidence to qualify as substantial, the principal opinion recites that evidence and our review is in the light most favorable to the defendant in considering a self-defense instruction. *State v. Smith*, 456 S.W.3d 849, 852 (Mo. banc 2015).

The State's argument includes evidence that is not viewed in the light most favorable to the defendant, which is inconsistent with our standard of review. Reversal is required on the record before us.

WILLIAM W. FRANCIS, JR., J. – CONCURRING OPINION AUTHOR

1