

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FIVE

| | | |
|---|---|---|
| J.W. ex rel. A.W., | ) | No. ED110136 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | |
| | ) | Cause No. 1622-CC00718 |
| ST. LOUIS PUBLIC SCHOOLS, et al., | ) | |
| | ) | Honorable Christopher E. McGraugh |
| Respondents. | ) | |
| | ) | Filed: August 2, 2022 |

### Introduction

Appellant J.W. brought a two-count petition ("Original Petition") in the Circuit Court of the City of St. Louis against respondents St. Louis Public Schools ("SLPS") and Marion Wilford, and defendant Toby Mack, who never was served with process. The circuit court entered an order and judgment granting SLPS's and Wilford's joint motion for judgment on the pleadings based on J.W.'s First Amended Petition.

On appeal, J.W.'s counsel failed to timely file the record on appeal and then omitted the First Amended Petition from the record. At oral argument, this Court noted that omission and allowed J.W.'s counsel two business days to correct it. More than two weeks after oral argument, the parties filed a joint stipulation with the First Amended Petition attached as an exhibit. The stipulation explained that J.W.'s counsel did not file the First Amended Petition in the circuit court.

We dismiss this appeal for lack of an adequate record on appeal and for failure of J.W.'s counsel to timely file the record.

**Facts and Procedural Background**

J.W.'s counsel filed the Original Petition on March 21, 2016. The Original Petition asserted claims of sex discrimination and retaliation under Section 213.010 against SLPS, and Wilford and Mack, who allegedly were teachers employed by SLPS.[1] The claims were based on allegations that a four-year-old female preschool student "sexually harassed" and "sexually assaulted" J.W., a three-year-old female preschool student, by putting her head up J.W.'s skirt and crawling under a bathroom stall and "inappropriately touching" J.W. J.W never effected service on Mack, who SLPS disavows as unknown and not employed by SLPS. On June 1, 2016, SLPS and Wilford filed answers denominated as responsive to "Plaintiff's First Amended Petition," though J.W.'s counsel neglected to file the First Amended Petition.

SLPS and Wilford jointly moved for judgment on the pleadings on November 27, 2019. They argued Count I of the First Amended Petition failed as a matter of law and J.W. failed to exhaust her administrative remedies as to Count II. On May 13, 2020, J.W. filed suggestions in opposition to the motion. On May 22, 2020, the circuit court entered judgment on the pleadings in favor of SLPS and Wilford, and against J.W., on "Plaintiff's First Amended Petition."

Defendant Mack remained unserved by J.W. The circuit court entered an order on October 5, 2020 continuing a dismissal hearing to December 11, 2020. The court noted J.W.'s counsel's previous representation that J.W. intended to voluntarily dismiss Mack to obtain a final judgment and proceed on appeal. The court ordered J.W. to voluntarily dismiss Mack before December 11 or the court would dismiss the case with prejudice. On December 10, 2020, J.W. filed a notice of

---

[1] All Section references are to the Revised Statutes of Missouri (2016), as supplemented, unless otherwise indicated.

voluntary dismissal of Mack. With Mack dismissed as a defendant, the judgment adjudicated all claims as to all parties. *See* Rule 74.01(b).[2] J.W. filed a notice of appeal in the circuit court on December 30, 2020, which was filed in this Court on November 23, 2021.

On December 1, 2021, this Court entered a dismissal notice to J.W. for failure to timely file the record on appeal in violation of Rules 81.12(d) and 81.19(a). We gave notice that the appeal would be dismissed if the record on appeal was not filed by December 16, 2021. We ordered that the untimely record on appeal "must be accompanied by a motion to file out of time." Without filing a motion to file out of time, J.W.'s counsel submitted the legal file on December 13, 2021. The legal file did not include the First Amended Petition, the pleading on which the circuit court entered judgment.

J.W.'s counsel requested and was granted an extension of time to file J.W.'s brief. Respondents timely filed their brief. J.W.'s counsel then untimely filed J.W.'s reply brief with a motion to file out of time, which we granted. On June 16, 2022, oral argument was heard and the case was submitted. During oral argument, we inquired about J.W.'s failure to include the First Amended Petition in the legal file. J.W.'s counsel confirmed that he had not included the First Amended Petition in the legal file as required by Rule 81.12. We directed J.W.'s counsel to correct the omission and ordered J.W.'s counsel to file a supplemental record on appeal including the First Amended Petition within two business days, by June 20, 2022, pursuant to Rule 81.12(f)(2). We effectively enlarged the time for filing the record on appeal by months pursuant to Rule 81.20. On July 1, 2022, 15 days after oral argument and 11 days after the June 20, 2022 extended deadline, J.W.'s counsel filed a joint stipulation with SLPS that included the First Amended Petition as an exhibit.

---

[2] All Rule references are to the Missouri Supreme Court Rules (2016), as supplemented, unless otherwise indicated.

3

In the stipulation, J.W.'s counsel conceded that the First Amended Petition was not included in the legal file. The stipulation explained that J.W.'s counsel attempted to file the First Amended Petition in the circuit court after the parties discovered that J.W.'s Original Petition misnamed SLPS, and the only change in the First Amended Petition was the correction of the misnomer.[3] After J.W.'s counsel filed the First Amended Petition, he immediately recalled it because it did not include the exhibits filed with the Original Petition. According to the stipulation, within minutes J.W.'s counsel attempted to refile the First Amended Petition with the exhibits. J.W.'s counsel apparently unknowingly recalled the refiled First Amended Petition with exhibits, and the First Amended Petition was not filed. The parties overlooked the second recall and erroneously operated as if the First Amended Petition with exhibits was filed.[4] Finally, the stipulation requested that this Court deem the First Amended Petition filed or, in the alternative, treat the circuit court's judgment on the First Amended Petition as if it were a judgment on the Original Petition.

**Discussion**

<u>Jurisdiction</u>

---

[3] Rule 55.02 requires, "In the petition, the title of the civil action shall include the names of all the parties . . .." Still, a misnomer of a party does not necessarily destroy the effectiveness of a petition. *P & K Heating & Air Conditioning, Inc. v. Tusten Townhomes Redevelopment Corp.*, 877 S.W.2d 121, 125-26 (Mo. App. E.D. 1994). Where the correct party is served and does not object to the misnomer at the first opportunity and in the proper manner, the objection is waived and the misnomer has no effect. *Orona v. Consol. Cab Co.*, 373 S.W.2d 486, 488-89 (Mo. App. 1963) (quoting *Parry v. Woodson*, 33 Mo. 347, 348 (1863)). SLPS undisputedly was served, and there is no indication in the record that SLPS objected to the misnomer. SLPS therefore waived any objection.

[4] In cases in which a document does not appear in the circuit court record, but there is no objection and the parties on appeal consistently refer to the document as a basis for the circuit court's decision, this Court has proceeded on the assumption that the circuit court considered the document in its entirety in arriving at its decision. *See Brown v. Mercantile Bank of Poplar Bluff*, 820 S.W.2d 327, 331 n.1 (Mo. App. S.D. 1991) (concluding that exhibits apparently not admitted into evidence were considered by trial court where respondent did not object to appellants' inclusion of exhibits in record on appeal and made repeated references to exhibits in appellate briefs); *see also Dent Phelps R-III Sch. Dist. v. Hartford Fire Ins. Co.*, 870 S.W.2d 915, 918 (Mo. App. S.D. 1994) (citing *Brown*, 820 S.W.2d at 331 n.1, and assuming that documents that were not pleadings in trial court were considered by trial court where neither party objected to filing documents with court of appeals, both parties referred to documents in appellate briefs, and documents appeared to have been before trial judge). Here, the First Amended Petition is stipulated by the parties, repeatedly is referenced in the parties' briefs, and clearly was the basis for the circuit court's judgment on the pleadings.

As a threshold matter, SLPS argues that J.W.'s appeal is untimely, and this Court lacks jurisdiction, because the circuit court's May 22, 2020 judgment on the pleadings in favor of SLPS and Wilford was a final, appealable judgment. SLPS contends that the judgment became final 30 days after its entry, on June 21, 2020, pursuant to Rule 81.05(a)(1). Thus, J.W.'s notice of appeal was due to be filed not later than ten days after the judgment became final, on July 1, 2020, pursuant to Rule 81.04(a). SLPS points out that J.W. filed the notice of appeal nearly six months later, on December 30, 2020.

SLPS seems to acknowledge that the judgment on the pleadings was not entered as to all parties given that Mack was never served. But SLPS relies on *Gibson v. Brewer*, 952 S.W.2d 239 (Mo. banc. 1997), and *Butala v. Curators of Univ. of Missouri*, 620 S.W.3d 89 (Mo. banc. 2021), for the proposition that Rule 74.01(b) permits a circuit court to "enter a judgment as to one or more but fewer than all of the claims or parties." Those cases easily are distinguishable, however, because they involved express determinations by the circuit courts pursuant to Rule 74.01(b) that, despite that the judgments were not entered as to all claims or parties, there was no just reason for delay on appeal. *See Gibson*, 952 S.W.2d at 244-45; *Butala*, 620 S.W.3d at 94.

Here, the record does not reveal, and SLPS does not direct us to, any express determination by the circuit court that there was no just reason for delay. Instead, SLPS can muster only that the judgment on the pleadings was "eligible" for that determination under Rule 74.01(b). Rule 74.01(b) makes clear: "In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties . . .." *See Wilson v. City of St. Louis*, 600 S.W.3d 763, 771 (Mo. banc. 2020) (explaining certification of judgment under Rule 74.01(b)).

5

We have an independent duty to inquire as to our jurisdiction on appeal. *Beery v. Chandler*, 563 S.W.3d 847, 850 (Mo. App. E.D. 2018). Pursuant to that duty, we observe that, in the absence of a Rule 74.01(b) determination, an appealable judgment requires disposition of claims against all parties, including defendants not served. *See State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229 (Mo. banc. 1969); *Downey v. United Weatherproofing, Inc.*, 241 S.W.2d 1007 (Mo. banc. 1951); *Maurer v. Clark*, 727 S.W.2d 210, 211 (Mo. App. E.D. 1987); *C.G. Sewing v. Scottish Rite of Kansas City*, 582 S.W.3d 138, 140 (Mo. App. W.D. 2019); *but see Citizens Bank & Trust v. Mitchell*, 652 S.W.2d 202 (Mo. App. W.D. 1983). This controlling caselaw dictates that the circuit court's May 22, 2020 judgment on the pleadings resolving all claims as to all parties except Mack was not an appealable judgment, even though J.W. never served Mack.[5] The judgment did not become final and appealable until after J.W. voluntarily dismissed Mack as a defendant on December 10, 2020. J.W. timely appealed from that judgment.

This Court has jurisdiction to consider this appeal.

Dismissal for Lack of an Adequate Record on Appeal

Given our determination that we have jurisdiction to consider this appeal, the question becomes whether appellant J.W. timely submitted an adequate record for our review. Rule 81.12(a) mandates, "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." *See Barbero v. Wilhoit Props, Inc.*, 637 S.W.3d 590, 593 (Mo. App. E.D. 2021). Rule 81.12(b)(1)(C) requires that the legal file shall always include, among other things, the pleadings on which the action was tried and the judgment or order appealed from. *See*

---

[5] Even in the persistent absence of service of a defendant, Rule 74.01(b) allows a circuit court to certify a judgment adjudicating all claims against all other defendants for appeal upon an express determination that there is no just reason for delay. Of course, a circuit court also has the option (taken by this circuit court) of ordering the plaintiff to voluntarily dismiss the unserved defendant to avoid delaying the appeal.

*Barbero*, 637 S.W.3d at 593 (dismissing appeal where appellant's "legal file is incomplete because she did not include a copy of her petition"). Finally, Rule 81.12(b)(1)(D) requires that, if any pleading is amended, the legal file shall include the last amended pleading and shall not include any abandoned pleadings.

The legal file serves the purpose of providing the appellate court "exact copies of the relevant documentary record necessary to decide the issues on appeal and to facilitate the accessibility of these documents." *Edwards v. Ne. Ambulance and Fire Protection Dist.*, 549 S.W.3d 523, 529 (Mo. App. E.D. 2018) (quoting *Washington v. Blackburn*, 286 S.W.3d 818, 823 (Mo. App. E.D. 2009)). "This court's review is based only on the record on appeal." *Wagner v. Bondex Int'l, Inc.*, 368 S.W.3d 340, 357 (Mo. App. W.D. 2012) (citing *Dale v. Director, Mo. Dept. of Soc. Servs., Family Support & Children's Div.*, 285 S.W.3d 770, 772 (Mo. App. S.D. 2009)).

We prefer to resolve appeals on the merits, but we cannot do so when there is not an adequate record of circuit court proceedings. *Bank of New York Mellon Tr. Co., N.A. v. Jackson*, 484 S.W.3d 814, 816 (Mo. App. W.D. 2015). The burden is on the appellant to supply the record necessary for our review. *Wagner*, 368 S.W.3d at 357. "An incomplete record forecloses appellate review because it does not contain all of the record, proceedings, and evidence necessary to the determination of all questions presented." *Id*. (quoting *O'Bernier v. R.C. & Assocs., Inc.*, 47 S.W.3d 422, 423 (Mo. App. S.D. 2001) (internal quotations omitted)).

When there is a material omission from the record on appeal, Rule 81.12(f)(2) permits this Court to direct the parties to correct the omission or file a supplemental record including any additional part of the trial record, proceedings, or evidence. Further, this Court may, on its own motion, enlarge the time for filing the record on appeal under Rule 81.20.

J.W.'s counsel did not timely file the record on appeal as required in Rules 81.12(d) and 81.19(a). Accordingly, this Court entered a dismissal notice and ordered J.W.'s counsel to file the untimely record on appeal with a motion to file out of time. When J.W.'s counsel late-filed the legal file on December 13, 2021, the legal file did not include the First Amended Petition. Nor was it accompanied by a motion to file out of time.

Due to our preference for reaching the merits, this Court informed J.W.'s counsel at oral argument on June 16, 2022, of our observation that the record on appeal did not include the First Amended Petition. On its own motion, this Court directed J.W.'s counsel to correct the omission and supplement the record by filing the First Amended Petition on or before the following Monday, June 20, 2022, months after the record on appeal was due to be filed.

The Court's deadline of June 20 came and went with no correction or supplementation of the record. More than two weeks after oral argument, on July 1, 2022, J.W.'s counsel filed a joint stipulation with SLPS attaching the First Amended Petition and conceding not only that the First Amended Petition was not previously filed in this Court, but that it never was filed in the circuit court.

We are constrained to dismiss appeals for failure to timely comply with the rules where manifest justice does not require our suspension of those rules. *Turken Plumbing Co., Inc. v. Seven Trails West Co.*, 506 S.W.2d 65 (Mo. App. E.D. 1974) (dismissing appeal for appellants' late filing of transcript in violation of Rule 81.19, despite trial court's order purporting to extend time for filing).

In *Kelly v. Hackett*, the Southern District of this Court considered the similar situation of an appellant's failure to timely file the record on appeal in violation of Rule 81.12. 606 S.W.2d 518 (Mo. App. S.D. 1980). The appellant requested permission to file the transcript out of time

and to allow the appeal to stand, and was granted one week to show cause why the appeal should not be dismissed for the inadequate record on appeal. When appellant's counsel failed to respond by the deadline, the Court promptly dismissed the appeal. *Id.* at 519-20. The Court explained:

> On numerous occasions, the appellate courts of this state have declared that it is their policy to decide cases on the merits, if possible, and have expressed their reluctance to punish innocent parties for the shortcomings of their counsel on appeal. This is commendable, and in case of minor digression from the rules is justified, but there is another side of the coin. It is not the function of the appellate court to serve as an advocate for any party to an appeal – that is the function of counsel. By condoning patent rule violations on the part of counsel for one of the parties, we aid him and act as an advocate in his cause, while penalizing his adversary who has followed the rules. Such a practice is inconsistent with the doctrine of fair play which is the heart of the administration of justice.

*Id.* at 520 (citing *Thummel v. King*, 570 S.W.2d 679, 686-90 (Mo. banc 1978); *Sullivan v. Holbrook*, 109 S.W. 668, 670 (Mo. 1908)) (internal citations omitted).

We likewise dismiss this appeal for failure of J.W.'s counsel to prepare an adequate record on appeal, including the First Amended Petition necessary to review the circuit court's judgment on the pleadings, and for failure to timely file the record and to comply with our order to correct the omission and supplement the record.

## Conclusion

The appeal is dismissed.

_____

Cristian M. Stevens, J.

Sherri B. Sullivan, P.J., and
Lisa P. Page, J., concur.