**Tina Ann CANTWELL, Respondent,**

v.

**Norman Bradford CANTWELL, Appellant.**

**No. WD 71103.**

Missouri Court of Appeals, Western District.

June 1, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 2010.

---

1. We deny all pending motions.

Norman B. Cantwell, Appellant Pro-se.
David R. Smith, for Respondent.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and GARY D. WITT, Judge.

JOSEPH M. ELLIS, Judge.

Norman Cantwell ("Father") appeals from a judgment entered in the Circuit Court of Jackson County modifying the decree of dissolution between Father and Tina Cantwell ("Mother") to grant Mother sole legal custody over the couple's two children. For the following reasons, the appeal must be dismissed.

On May 16, 2006, the circuit court entered its judgment dissolving the marriage. The court granted joint legal and physical custody of the minor children—Melissa, born September 26, 1992, and Michael, born April 28, 1997—to the couple. The court established a parenting plan under which Father was to have custody of the children Wednesday evenings, every other weekend, and half of the holidays. Father was ordered to pay $788.00 per month in child support.

On October 15, 2007, Mother filed her motion to modify the dissolution decree as to child custody and support. She claimed that continuing and substantial changes had occurred in the circumstances of the children warranting a change in the custody provisions to grant her sole legal and physical custody. She asserted that Father had repeatedly and intentionally acted to alienate Michael from her, had conspired with Michael to place a substance looking like methamphetamine in her car,

and had contacted the police to investigate her for drug use.[1]

The matter was heard by the circuit court over the course of three days. Subsequently, on April 25, 2009, the circuit court entered its judgment modifying custody to grant sole legal custody to Mother. In its judgment, the trial court found that the majority of Mother's evidence was credible and that Father's evidence was not. The court found that Father continuously attempted to alienate Michael from Mother, that Father had a pattern of making false complaints to the Division of Social Services related to Mother, that Father had failed to adhere to the parenting time schedule, and that Mother and Father were incapable of communicating regarding their children. The court found that a continuing and substantial change of the children's circumstances had occurred that warranted a change in legal custody. The court found that it was, however, in the children's best interests for the parties to continue to have joint physical custody and adopted a parenting plan that slightly adjusted Father's parenting schedule. The court also ordered Father to pay a portion of Mother's attorney's fees.

In his sole point on appeal, acting *pro se,* Father challenges the trial court's grant of sole legal custody of Michael to Mother,[2] claiming that the trial court abused its discretion in making that decision without *sua sponte* calling Michael as a witness or interviewing him. Father claims that the court's credibility determinations and factual findings would have been different if the Court had heard Michael's testimony.

Though Father appears *pro se,* he is still "bound by the standards and rules of procedure as a party represented by a licensed attorney." *Dressel v. Dressel,* 221 S.W.3d 475, 476 (Mo.App. E.D.2007). "While we are not unmindful of the challenges that face *pro se* litigants, judicial impartiality, judicial economy, and fairness to all parties prohibit this Court from relaxing these requirements." *Id.*

In this appeal, Father asks that we accomplish our review having provided us with an incomplete legal file and no transcript of the proceedings before the trial court. "Rule 81.12 specifies the record which must be provided by an appellant on appeal and imposes upon an appellant the duty to file the transcript and prepare a legal file so that the record contains all evidence necessary to make determinations on the issues raised." *Carter v. State,* 253 S.W.3d 580, 582 (Mo.App. S.D.2008). "It is the duty of an appellant to furnish a transcript containing a record of proceedings which he desires to have reviewed. In the absence of such record there is nothing for the appellate court to decide." *Milone v. Duncan,* 245 S.W.3d 297, 301 (Mo.App. W.D.2008) (internal quotation omitted). "Because [Father] has failed to file a transcript of the hearings in the [modification of custody] proceedings, this Court has no way to determine whether the trial court did in fact err in its judgments." *Dressel,* 221 S.W.3d at 477.

Without the transcript, this Court has no way to assess Father's claim that the trial court abused its discretion in failing to question Michael on the stand or interview him in chambers.[3] Because Fa-

---

1. Mother also requested that child support be modified to account for her increased physical custody of Michael, but she later abandoned that request.

2. Father makes no challenge to the circuit court's judgment with regard to Melissa.

3. *Ex gratia,* we note that trial courts are granted discretion to interview children in chambers pursuant to § 452.385; they are not required to do so. Moreover, either parent has the right to call a child to testify if the child is otherwise competent if the court re-

ther has failed to provide us with the necessary record to review his claim on appeal, this Court is left with no other recourse than to dismiss his appeal.

All concur.

fuses to conduct an interview, and failure to call the child precludes a showing of prejudice resulting from the court's failure to inter-

view. *Babbitt v. Babbitt,* 15 S.W.3d 787, 789 (Mo.App. S.D.2000).