**Derrick FORD, Appellant,**

v.

**Leslie MURILLO, Respondent.**

**No. WD 73866.**

Missouri Court of Appeals, Western District.

March 27, 2012.

Derrick Ford, Appellant pro se.

James Gerard Eftink, Raymore, MO, for respondent.

Before Division Two: GARY D. WITT, Presiding Judge, JOSEPH M. ELLIS, Judge and MARK D. PFEIFFER, Judge.

GARY D. WITT, Judge.

Derrick Ford appeals the Judgment of the Circuit Court of Jackson County finding in favor of the defendant, Leslie Murillo, on Ford's Petition for Damages. For the following reasons, we dismiss the appeal.

### Factual Background

Derrick Ford ("Ford") filed a *pro se* Petition for Damages against Leslie Murillo ("Murillo"), in the Circuit Court of Jackson County, asking for $20,000 in damages.

In the Petition, Ford alleged that he had given Murillo an engagement ring that she had refused to return to him after the engagement was broken off and he sought the value of that ring as damages.

The circuit court heard the case and issued its Judgment finding in favor of Murillo. Ford now appeals.

## Analysis

Rule 81.12(a) [1] "requires an appellant to file a transcript and prepare a legal file so that the record contains all the evidence necessary for a determination of questions presented to the appellate court for a decision." *Powell v. Powell*, 250 S.W.3d 831, 832 (Mo.App. W.D.2008) (quoting *Bastain v. Brown*, 28 S.W.3d 494, 495 (Mo.App. E.D.2000)). Ford has failed to file a trial transcript in this case and without a transcript we are unable to review the proceeding below for error. *Id.* Therefore, "review by this court is impossible, and the claim of error must be dismissed." *Id.* (quoting *Huber ex rel. Boothe v. Huber*, 204 S.W.3d 364, 368 (Mo.App. W.D.2006)).

We dismiss this appeal reluctantly, preferring instead to decide cases on the merits. *See Selberg v. Selberg*, 201 S.W.3d 513, 516 (Mo.App. W.D.2006). However, lacking a record of the proceedings below, we are incapable of independent review of the issue presented on appeal.

We note that at oral argument both parties agreed that the facts in the underlying trial were in dispute and that the result of the trial turned on which party the trial judge believed was responsible for breaking off the engagement. *See e.g., Clippard v. Pfefferkorn*, 168 S.W.3d 616 (Mo.App. E.D.2005). Ford argues that Murillo ended the engagement, and Muril-

lo argues that Ford ended the engagement. Under our standard of review as set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), we view the facts and all reasonable inferences there from in the light most favorable to the trial court's judgment. Ford argues on appeal that his evidence should have been found more credible and that he should have prevailed before the trial court. Our standard of review does not allow us to reweigh the credibility of the evidence. Based on the arguments raised in Ford's brief, even if we had been provided a transcript of the trial below, it appears unlikely, under our standard of review, that his arguments could have been successful.

## Conclusion

For the foregoing reasons, the appeal is dismissed.

All concur.

---

1. All rule citations are to the Missouri Supreme Court Rules (2011), unless otherwise indicated.