

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

IN THE MATTER OF THE FORECLOSURE )
OF LIENS FOR DELIQUENT LAND TAXES )
BY ACTION IN REM; COLLECTOR OF )
REVENUE BY AND THROUGH THE ACTING )
DIRECTOR OF COLLECTIONS FOR JACKSON )
COUNTY, MISSOURI, )
  )
        Respondent, )
  )
   v. )  WD77244
  )
PARCELS OF LAND ENCUMBERED WITH )  Opinion filed: December 23, 2014
DELINQUENT TAX LIENS; CHARLES )
SPEARMAN, )
  )
        Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
### The Honorable Marco A. Roldan, Judge

Before Division Two: Joseph M. Ellis, Presiding, Judge,
Victor C. Howard, Judge and Mark D. Pfeiffer, Judge

Appellant Charles Spearman appeals *pro se* from a judgment entered by the

Circuit Court of Jackson County confirming the sale of Appellant's property to the Land

Bank of Kansas City Missouri. Appellant contends that the circuit court erred in

sustaining the sale of his property due to delinquent taxes because Respondent, the

Director of Collections for Jackson County ("the County"), failed to comply with the due

process requirements in that, after all written notices were served, the County failed to

take any additional reasonable steps to notify him of the tax sale. For the following reasons, the appeal is dismissed.

On January 28, 2014, the circuit court entered a judgment confirming the sale of Appellant's property to the Land Bank of Kansas City Missouri. In its judgment, the circuit court concluded that the County "duly advertised said sale and offered [the property] for sale at public auction on three successive days" and, after not receiving a bid for Appellant's property "equal to the full amount of taxes, interest, penalties, attorney's fees and cost due thereon," the Land Bank of Kansas City Missouri was "deemed to have bid the full amount due."

In his sole point on appeal, Appellant contends that the circuit court's judgment is not supported by the evidence because the County denied him his due process rights by failing to take additional reasonable steps to notify him of the tax sale. Before we can address Appellant's point on appeal, however, we must first take up the County's motion to dismiss this appeal. In its motion and again in its brief, the County avers that we should dismiss this appeal due to the deficiencies in Appellant's brief and the record on appeal. We agree.

Rule 81.12(a) specifies that the record on appeal must "contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." "It is the duty of an appellant to furnish a transcript containing a record of proceedings which he desires to have reviewed." *Cantwell v. Cantwell*, 315 S.W.3d 384, 386 (Mo. App. W.D. 2010) (internal quotation omitted). In the absence of a complete record on appeal, there is nothing for the appellate court to decide. *Id.*

Here, Appellant failed to file a transcript of any of the proceedings before the circuit court related to either the confirmation of the sale or the foreclosure. Without a transcript, we do not know what evidence was before the circuit court with respect to the County's steps to notify Appellant of the sale. Therefore, the absence of a transcript prevents us from reviewing Appellant's claim that the judgment was not supported by the evidence.

Moreover, although Appellant submitted a legal file, it does not comply with Rule 81.12. Rule 81.12(a) provides:

> The legal file shall always include: the docket sheet or case record, which contains a complete summary of all events in the case; the pleadings upon which the action was tried, the verdict, the findings of the court or jury, the judgment or order appealed from, motions and orders after judgment, and the notice of appeal, together with their respective dates of filing or entry of record[.][1]

Rule 81.12(a) also requires the documents in the legal file to "be arranged with a docket sheet or case record on top numbered as page 1. The oldest documents shall follow the docket sheet, with the remaining documents arranged in chronological order, ending with the notice of appeal at the bottom."

The legal file submitted by Appellant does not contain docket sheets or all the requisite pleadings and court documents, and what is contained therein is not necessarily in chronological order. Without docket sheets or a complete and organized legal file, this Court cannot determine the procedural history of this case. Thus, the absence of docket sheets and a properly compiled legal file further hinders our ability to review the due process claims raised by Appellant on appeal.[2]

---

[1] The parties can "agree in writing upon an abbreviated or partial record on appeal or upon a statement of the case." **Rule 81.12(a)**. However, no such agreement was filed with this Court.
[2] We further note that the County asserts that Appellant's due process claims are not preserved for

3

We are mindful "of the challenges that face *pro se* litigants, [but] judicial impartiality, judicial economy, and fairness to all parties prohibit this Court from relaxing these requirements." *Cantwell*, 315 S.W.3d at 386 (internal quotation omitted). We must hold *pro se* parties to the same rules and standards as a party represented by licensed counsel. *Id.* Therefore, although we prefer to decide cases on the merits, the lack of a proper record of the proceedings below prevents us from reviewing the issues raised in this case. *Ford v. Murillo*, 362 S.W.3d 67, 68 (Mo. App. W.D. 2012).

Accordingly, the County's motion is granted. Appeal dismissed.

Joseph M. Ellis, Judge

All concur.

---

appellate review because, by not participating in the foreclosure proceedings or appearing at the confirmation hearing for the sale, Appellant failed to raise such issues before the circuit court. The County contends that Appellant should have raised his constitutional claims by filing a motion to reconsider or a motion to set aside the tax sale with the circuit court. "[T]o preserve constitutional questions for review on appeal, the constitutional issue must be raised in the trial court at the earliest opportunity, consistent with good pleading and orderly procedure." *Cmty. Fin. Credit Union v. Lind*, 344 S.W.3d 875, 877 (Mo. App. S.D. 2011) (internal quotation omitted). "[A] constitutional issue cannot be raised for the first time on appeal." *Willits v. Peabody Coal Co.*, 400 S.W.3d 442, 453 (Mo. App. E.D. 2013). Again, without a transcript or a proper legal file, we cannot determine whether the due process issues raised by Appellant were properly preserved for our review.

4