

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

THE BANK OF NEW YORK )
MELLON TRUST COMPANY, N.A., )
AS TRUSTEE FOR GMACM HOME )
EQUITY LOAN TRUST 2006-HE5, )
)
      Respondent, )
)
      v. ) WD78497
)
JAMES T. JACKSON AND ) Opinion filed:  December 8, 2015
PAMELA Y. JACKSON, )
)
      Appellants. )

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**THE HONORABLE MARY FRANCES WEIR, JUDGE**

Before Division Three:  Joseph M. Ellis, Presiding Judge,
Karen King Mitchell, Judge and Gary D. Witt, Judge

James and Pamela Jackson, acting *pro se*, appeal from a judgment entered against them in the Circuit Court of Jackson County in favor of Respondent, The Bank of New York Mellon Trust Company as Trustee for the GMACM Home Equity Loan Trust, in a an action brought by Respondent for default on a promissory note.  For the following reasons, the appeal is dismissed.

In its petition, the Respondent claimed to be the holder in due course for value of a promissory note for $15,000.00 executed by Appellants on September 27, 2006, and that Appellants were in default of the payment terms of that note.  Respondent sought to recover the unpaid balance of $14,866.30 and $594.10 in accrued interest.

In their answer, Appellants generally denied that Respondent was the holder in due course of the note and asserted defenses of estoppel, *res judicata*, and unclean hands. They also asserted several counterclaims.

The case was tried to the court on February 15, 2015. The trial court subsequently entered its judgment finding that Respondent was the holder of the note and had standing to bring the action. It further found that Appellants had failed to prove any of their affirmative defenses or counterclaims. The court entered judgment in favor of Respondent for $15,460.40.

Appellants bring eight points on appeal. In the first six points, they claim that various factual findings made by the trial court were not supported by the evidence or were against the weight of the evidence. In the seventh point, they contend that the trial court erred in concluding that Respondent had standing to bring an action on the note because its conclusion was based upon evidence that should not have been admitted at trial. In their final point, Appellants contend that the trial court erred in finding that they failed to prove their counterclaims based upon the evidence they presented at trial. None of these claims can be properly reviewed by this Court on appeal without a trial transcript.

Appellants have not filed a transcript of the trial proceedings in this Court. "Rule 81.12 specifies the record which must be provided by an appellant on appeal and imposes upon an appellant the duty to file the transcript and prepare a legal file so that the record contains all evidence necessary to make determinations on the issues raised." *Reno v. Reno*, 461 S.W.3d 860, 865 (Mo. App. W.D. 2015) (internal quotation omitted). "The responsibility to provide a meaningful transcript for review devolves upon appellant and the court of appeals cannot consider matters not preserved on the record

2

and contained in an approved transcript." ***Poke v. Mathis***, 461 S.W.3d 40, 43 (Mo. App. E.D. 2015) (internal quotation omitted). "In the absence of such record there is nothing for the appellate court to decide." ***Reno***, 461 S.W.3d at 866 (internal quotation omitted).

"We are mindful of the challenges that face *pro se* litigants, but judicial impartiality, judicial economy, and fairness to all parties prohibit this Court from relaxing these requirements." ***Collector of Revenue v. Parcels of Land (In re Foreclosure of Liens for Delinquent Land Taxes)***, 453 S.W.3d 337, 340 (Mo. App. W.D. 2014) (internal quotation omitted). "We must hold *pro se* parties to the same rules and standards as a party represented by licensed counsel." ***Id***.

"[A]lthough we prefer to decide cases on the merits, the lack of a proper record of the proceedings below prevents us from reviewing the issues raised in this case." ***Id***. None of Appellants' claims on appeal can be reviewed without a transcript. Lacking a transcript, this Court has no way of knowing what evidence was presented and admitted at trial. Because this deficiency in the record on appeal renders review of Appellants' claims impossible, their appeal must be dismissed.[1] ***J.L. v. Lancaster***, 453 S.W.3d 348, 350-51 (Mo. App. W.D. 2015).

Joseph M. Ellis, Judge

All concur.

---

[1] In each of their points relied on, Appellants mistakenly assert that our review of that claim is *de novo*, quoting ***Missouri State Med. Ass'n v. State***, 256 S.W.3d 85, 87 (Mo. banc 2008), for the proposition that "[b]ecause standing is a question of law, review of the issue on appeal is *de novo*." This is not our standard of review for claims involving the sufficiency of the evidence to support findings of fact or the erroneous admission of evidence. Moreover, from their reply brief, it is apparent that Appellants incorrectly believe that our application of a *de novo* standard of review would involve this Court conducting a trial *de novo*.

3