

# Missouri Court of Appeals

### Southern District

### Division Two

In Re The Matter OF:  )
JASON LEON PARKASH JAITLEY, a Minor,  )
 )
MALINDA COLLINS,  )
 )
         Applicant/Appellant,  )    No. SD34077
 )    Filed: June 10, 2016
   vs.  )
 )
JASON LEON PARKASH JAITLEY,  )
 )
        Minor/Respondent.  )

### APPEAL FROM THE CIRCUIT COURT OF HICKORY COUNTY

Honorable James A. Hackett, Associate Circuit Judge

### **AFFIRMED**

This is an appeal by Malinda Collins ("Collins") of a judgment entered on July 14, 2015, dismissing Collins' "Petition for Appointment of Guardian" of Jason Leon Parkash Jaitley ("Child"), on the basis that the court lacked jurisdiction.[1] In one point on appeal, Collins asserts

---

[1] We use the term "jurisdiction" in this opinion because section 452.750 relied upon by the trial court uses the term "jurisdiction." The thin record before us confirms the trial court had jurisdiction as contemplated by *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009); *see also Hightower v. Myers*, 304 S.W.3d 727, 733 (Mo. banc 2010) ("Missouri courts recognize two types of jurisdiction—personal jurisdiction and subject matter jurisdiction[.] Subject matter jurisdiction is a matter of the court's authority to render a judgment in a particular category of cases.") (internal quotation and citation omitted). In *Hightower*, the court held that the jurisdiction provisions in the Uniform Child Custody Jurisdiction and Enforcement Act did not remove a court's subject matter jurisdiction as this was mere common law or statutory authority that did not affect the court's constitutionally granted subject matter and personal jurisdiction. *Id.*

All references to statutes are to RSMo Cum.Supp. 2009, unless otherwise indicated. All rule references are to Missouri Court Rules (2016).

the trial court erred in dismissing Collins' Petition for Appointment of Guardian. Finding no merit in Collins' point, we affirm the trial court's judgment.

## Facts and Procedural History[2]

In her brief Collins represents that Child, after his birth, lived with Collins—Child's maternal grandmother—in Missouri until April 17, 2014.[3] At that time, Child was removed to the state of California by his paternal grandmother, Betty Sega ("Sega"). Neither the record, nor Collins' brief provide any indication as to how or why Child came to be in Collins' care, or how and why Sega moved Child to California.

On May 21, 2014, Collins filed a Petition for Appointment of Guardian in the Probate Division of the Circuit Court of Hickory County, Missouri. The petition alleges in pertinent part that Child is domiciled in Los Angeles County, California, that Child's mother is incarcerated and that Child's father is deceased, that Sega has custody of Child, that Child lived with Collins for six years until removed by the "Department of Social Services," and Collins has no knowledge of any

---

[2] The record provided to us by Collins is substantially incomplete. The legal file contains only the docket sheet for the Missouri litigation, Collins' "Petition for Appointment of Guardian," "Consent to Appointment," "Information for Guardians and Conservators," and Collins' notice of appeal. Rule 81.12(a) requires that the record on appeal "contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented . . . to the appellate court for decision[,]" including the relevant court transcripts and all "portions of the trial record previously reduced to written form." Omissions from the legal file "will be taken as favorable to the trial court's ruling and unfavorable to the appellant." *In re Estate of Abbott*, 944 S.W.2d 279, 284 (Mo.App. S.D. 1997).

Further, as to Child custody proceedings, we observe that section 452.735.4 declares:

> A court of this state shall preserve the pleadings, orders, decrees, records of hearings, evaluations, and other pertinent records with respect to a child custody proceeding until the child attains eighteen years of age. Upon appropriate request by a court or law enforcement official of another state, the court shall forward a certified copy of such records.

While this record would have been available to Collins, it is not included in the legal file either.

[3] The allegations Collins puts forward in her statement of facts and analysis are not set against citations to the record. We recite portions of the facts provided in Collins' statement of facts or analysis for context, and consider portions to be admissions of certain facts, but caution that we have not seined the record to confirm the veracity of these statements. To seine the record for material that might support Collins' claims would place this Court in the forbidden position of acting as her advocate. *See Shields v. L&P Transp., LLC*, 317 S.W.3d 654, 656 (Mo. App. S.D. 2010).

2

person not a party to this proceeding who has physical custody of Child or claims to have custody or visitation rights with respect to Child.

Collins represents that on March 20, 2015, Sega filed correspondence with the trial court, along with "Letters of Guardianship" from the Superior Court of California, County of Los Angeles, appointing Sega the legal guardian of Child as of September 17, 2014, in Case No. BP154700. None of these documents appear in the record before us.

On June 15, 2015, the docket sheet indicates that Child's court-appointed guardian ad litem filed a motion to dismiss Collins' petition and a motion for continuance. Although the motion is not in the record, the trial court makes reference to it and notes that the motion contends that the requirements of section 452.750 are not met. The trial court removed the case from the trial docket and scheduled a hearing on the motions for June 24, 2015. After argument, the trial court took the motions under advisement and allowed the parties until July 13, 2015, to file briefs.

On July 14, 2015, the trial court dismissed Collins' petition. The trial court's order[4] states:

> Petitioner is seeking an Order appointing her as guardian of [Child]. The Petition in this Case was filed on May 21, 2014. Betty Saga [sic] was personally served on July 8, 2014 in California. Betty Sega was granted Letters of Guardianship of the Child by Superior Court of California, County of Los Angeles, on September 17, 2014 in Case No. BP154700. Any decision by this [c]ourt to grant letter: [sic] to Petitioner would amount to a modification of the California Guardianship under the UCCJEA. A modification means "a child custody determination that changes, replaces, supersedes or is otherwise made after a previous determination concerning the same child.." [sic] 452.705(13) RSMO. Petitioner alleges and attorney for respondent appears to concede that this Court would have had jurisdiction to make an initial custody determination under UCCJEA; but, the other requirements of 452.750 RSMO have not been shown to exist. Because this Court lacks jurisdiction to modify the custody determination made in the California guardianship, it must dismiss the Petition. Clerk to send Notice of Entry to attorneys of record.

This appeal followed.

---

[4] This court has authority to hear the appeal of an "order, judgment or decree of the probate division of the circuit court" pursuant to section 472.160(14).

As best we can discern, Collins' sole point on appeal argues the trial court erred in dismissing her Petition for Appointment of Guardian because she was the first party to initiate proceedings pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), and was not a motion to modify under the UCCJEA, but rather the initial custody proceeding, so that the trial court had jurisdiction. Collins does not challenge the authority of the trial court to hold a hearing on any of these issues, nor does she challenge any evidence relied upon by the trial court. In reviewing the order, we note the trial court clearly relied upon evidence outside the thin record before us.

## Standard of Review

On appeal, our review of a trial court's dismissal of a petition is *de novo*. **Duffner v. City of St. Peters**, 482 S.W.3d 811, 816 (Mo.App. E.D. 2016).

## Analysis

This Court begins with the presumption that the judgment of the trial court is correct, and it is an appellant's burden to show otherwise. **Ferguson v. Hoffman**, 462 S.W.3d 776, 780 (Mo.App. W.D. 2015).

In attempting to meet this burden, Collins attempts to muster facts she suggests show that the proceedings before the trial court were the "first," as between the Missouri case and the California case, and therefore the trial court erred in finding that it lacked jurisdiction to hear the case. Unfortunately, this argument is founded on the errant assumption that we may consider the facts on which her argument is premised.

For this Court to entertain "facts," the appellant must submit a record containing those facts to this Court in compliance with Rule 81.12. It is appellant's burden to "file the transcript and prepare a legal file so that the record contains all evidence necessary to make determinations on

4

the issues raised." ***Bank of New York Mellon Trust Co., N.A. v. Jackson***, 484 S.W.3d 814, 816 (Mo.App. W.D. 2015) (internal quotation and citation omitted). "[T]he court of appeals cannot consider matters not preserved on the record and contained in an approved transcript. In the absence of such record there is nothing for the appeals court to decide." ***Id.*** (internal quotations and citations omitted).

Seba's correspondence to the trial court, the Letters of Guardianship from the Superior Court of California, any transcript of the hearings below, and many other filings submitted to the trial court (including the motion to dismiss) are missing from the record submitted by Collins. These materials are necessary for the disposition of Collins' point on appeal. On this basis alone, there is "nothing for [this] appeals court to decide." ***Bank of New York Mellon Trust Co.***, 484 S.W.3d at 816 (internal quotation and citation omitted).

Further, Collins must, in her brief, specifically cite to the location in the record as to the location of any asserted "facts" contained in her statement of facts and argument sections. Rule 84.04(c)&(e). We have previously elucidated the policy considerations underlying this basic requirement. *See **Johnson v. Buffalo Lodging Associates***, 300 S.W.3d 580, 581 (Mo.App. E.D. 2009) ("requirement that the appellant support factual statements in its brief with record citations is mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record") (internal quotation and citation omitted). Absent proper citations to the record, we may not, on our own initiative, seine the record in search of materials to support Collins' cause. ***Shields***, 317 S.W.3d at 656. Failure to tie claims of legal error to specific factual matter from the legal file with specific citations renders a point unreviewable. ***In re Marriage of Smith***, 283 S.W.3d 271, 275 (Mo.App. E.D. 2009).

Collins' brief makes no citations to the record in either her statement of facts or her argument section. Under Missouri Court Rules, Collins' brief amounts to a bare legal argument unconnected to any facts we may consider. "In this vacuum, any effort by this court to address these claimed legal errors would require us to act as an advocate for Plaintiffs by scouring the record for factual support of these claims. This we cannot and will not do." ***Robert T. McLean Irrevocable Trust v. Ponder***, 418 S.W.3d 482, 499-500 (Mo.App. S.D. 2013) (internal quotation and citation omitted).

Finally, it is appellant's burden to provide legal authority showing the merit of appellant's cause. Rule 84.04(e). Here, Collins fails to provide sufficient authority showing that, even if we could consider her alleged "facts," the first party to file a child custody request secures jurisdiction under the UCCJEA. Absent controlling authority on that issue, Collins' argument necessarily fails.

It is Collins' burden to show that the trial court erred. ***Ferguson***, 462 S.W.3d at 780. Collins' failure to submit a proper record, her failure to provide specific citations to that record in support of necessary factual assertions in her argument, and her failure to provide sufficient legal authority to support her cause, render her brief wholly insufficient and unpersuasive. Because Collins has failed to meet her burden to show trial court error, we must hold that the trial court did not err in entering an order dismissing her Petition for Appointment of Guardian of Child. Point denied.

The trial court's order is affirmed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – Concurs

GARY W. LYNCH, J. – Concurs

6