PER CURIAM.
Introduction
Bernard F. Edwards, Jr. (Appellant) appeals from the trial court's summary judgment against him and in favor of Northeast Ambulance and Fire Protection District (the District). Appellant also appeals from the trial court's denial of his motion to compel the District to arbitrate the parties' contract dispute, motion to join Anthony D. Gray (Gray), and Johnson Gray, LLC (Johnson Gray) as third-party defendants, and motion to disqualify Gray and Johnson Gray as defense counsel for the District. We dismiss the appeal for failure to comply with the rules of appellate procedure.
Factual and Procedural Background
The District is a political subdivision of the state of Missouri organized and existing under Section 321 et seq.[1] and located in St. Louis County.
In 2007, Elbert Walton, Jr. (Walton) became the legal officer for the District and Appellant became the District's assistant legal officer via an employment contract. On May 12, 2009, Walton entered into an Amended Agreement of employment with the District as its legal officer for the period of May 1, 2009, through April 30, 2011. The Amended Agreement was drafted by Walton and signed by Walton as the legal officer and by Joseph L. Washington (Washington) as President of the District's Board of Directors (the Board) and Robert Edwards (Edwards)[2]
*526 as Secretary of the Board. The Amended Agreement authorized Walton to appoint an assistant legal officer and Walton appointed Appellant to this position.
The Amended Agreement provided an annual retainer of $120,000 to be paid in monthly installments to Walton as legal officer and $60,000 to be paid to Appellant as assistant legal officer. The Amended Agreement provided for additional compensation at an hourly rate for legal services performed and for out-of-pocket expenditures.
On October 20, 2009, a District taxpayer, Kevin Buchek (Buchek), filed a lawsuit, captioned Buchek v. Robert Edwards, et al. , Case No. 09SL-CC04530, against the District's two remaining Board members, Edwards and Rhea Willis (Willis), and Washington, who was no longer Chairman of the Board and had recently become Fire Chief of the District. Buchek alleged the Board members had authorized unconscionable and illegal contracts with Appellant, Walton, and Washington. Buchek sought a temporary restraining order freezing the District's bank accounts pending the court's appointment of a receiver. Walton represented Edwards in the Buchek lawsuit and Appellant represented Washington.
On November 2, 2009, the circuit court in Buchek issued a preliminary injunction against the District permitting only the payment of "normal operating expenditures," provided the expenditures were agreed to in writing by Edwards and Willis and approved by the court.
On November 19, 2009, the circuit court issued an Order and Judgment keeping the preliminary injunction in full force and effect, and limiting the Board's spending to "normal expenditures" which previously needed court approval. With a newly appointed third Board member, the court allowed the Board to make "any lawful expenditures upon proper motion ... and agreed to by a majority vote of the board."
Shortly thereafter, Walton drafted three documents titled "Settlement Agreement and Release" (Settlement Agreements) and Resolution Nos. 107, 108, and 109, regarding the termination of the employment contracts for Washington, Walton, and Appellant, respectively. Resolution No. 109 provided Appellant and the District had "determined to mutually terminate" the Amended Agreement of Appellant's employment. Appellant's Settlement Agreement and Resolution No. 109 stated the District owed Appellant $90,000 for "full settlement and release of any and all claims arising out of and pertaining to his contract and amended contracts of appointment or retention as assistant legal officer with the District, including but not limited to the outstanding retainers due and owing to the assistant legal officer from November 1, 2009 up to and through April 30, 2011...." On November 22, 2009, the Board held a special closed board meeting and voted in favor of Resolution Nos. 107, 108, and 109, and approved the Settlement Agreements. Resolution 109 and its attached Settlement Agreement were executed by Edwards and Willis as Board members.
On November 24, 2009, the circuit court issued an Order and Judgment, finding the District's expenditure of funds as proposed by Resolution Nos. 107, 108, and 109 and the Settlement Agreements did not represent "lawful expenditures upon proper motion," as required by the November 19, 2009 preliminary injunction, and the actions taken by the Board during the closed session on November 22 were void. The court also concluded the November 22 *527 closed meeting violated the Sunshine Laws. Appellant received a copy of the court's November 24, 2009 Order and Judgment.
On December 4, 2009, Appellant filed, in his capacity as Washington's attorney, a Motion to Dismiss and Dissolve the Court's Orders Entered on November 19, 2009, and November 24, 2009. The circuit court denied the motion.
On December 1, 2009, Appellant and the District entered into an Agreement to Arbitrate any disputes related to Appellant's employment contract as assistant legal officer, the Amended Agreement, and the Settlement Agreement. This agreement was executed by Edwards and Willis on behalf of the Board. Also on that date, the Board adopted Resolution No. 110, which terminated the employment of Washington, Walton, and Appellant; called for the submission of said former employees' employment contracts and the Settlement Agreements to arbitration; appointed Gray as the District's legal officer; and appointed Rufus J. Tate as the District's special legal counsel. Resolution No. 110 included a provision acknowledging Resolution Nos. 107, 108, and 109 and the related Settlement Agreements were declared void by a court, and that such "declaration is subject to appeal and dispute by both the District" and the former employees affected by the declaration. Resolution No. 110 was signed by Edwards and Willis for the Board.
On December 29, 2009, Walton filed a Petition for a Writ of Prohibition in this Court, No. ED94107, challenging the circuit court's jurisdiction in Buchek. On January 4, 2010, this Court issued an Order denying the Petition for a Writ of Prohibition.
On February 7, 2011, the circuit court dismissed the Buchek case without prejudice "with the consent of all parties and for good cause shown[.]"
In August 2014, Appellant filed a Petition against the District seeking damages for breach of the Settlement Agreement. On October 14, 2014, Appellant filed his First Amended Petition for damages.
On December 24, 2014, Appellant filed his Second Amended Petition against the District seeking damages for breach of the Settlement Agreement. On that date, Appellant also filed a Motion for Summary Judgment along with his Statement of Uncontroverted Material Facts.[3] On December 27, 2014, Appellant filed a Motion to Disqualify Counsel for the District asserting Gray would likely be a witness at trial or in response to Appellant's Motion for Summary Judgment. On February 2, 2015, the court denied Appellant's Motion to Disqualify Counsel.
On February 3, 2015, Appellant filed his Second Motion for Summary Judgment and Statement of Uncontroverted Material Facts.[4]
On February 17, 2015, the District filed its Answer, Affirmative Defenses, and Counterclaims to Appellant's Second Amended Petition. The District asserted collateral estoppel, res judicata, impossibility, illegality, ultra vires, unconscionability, undue influence, misrepresentation, incapacity, lack of consideration, and sovereign immunity as affirmative defenses to Appellant's claim. The District also brought *528 counterclaims of legal malpractice and fraudulent misrepresentation against Appellant.
On February 19, 2015, Appellant filed his "Answer to Counterclaim, Affirmative Defenses, Counterclaims and Cross-Claims."[5] On that date, Appellant also filed a Motion to Join Additional Parties (Motion to Join), seeking to join Gray, Richard K. Johnson, Crista R. Johnson, and Johnson Gray as parties in order to file cross-claims for indemnity on the District's counterclaim against him.
On June 4, 2015, the District filed a Memorandum of Law in Opposition to Appellant's Motion for Summary Judgment and its response to Appellant's Statement of Uncontroverted Material Facts.
On December 19, 2015, Appellant filed a Motion to Refer Controversy to Alternative Dispute Resolution and to Compel Binding Arbitration (Motion to Compel Arbitration) of all of the claims, counterclaims, and defenses under the terms of the December 1, 2009 Arbitration Agreement and Resolution No. 110. On January 12, 2016, Appellant filed a Motion to Extend Time and Stay Proceedings Pending Outcome of Arbitration.
On January 20, 2016, the District filed a memorandum in opposition to Appellant's Motion to Compel Arbitration contending Appellant waived his right to enforce the Arbitration Agreement; the agreement was void and unenforceable as unconscionable and against public policy; and the agreement violated the Missouri Uniform Arbitration Act.
On January 21, 2016, Appellant filed a second Motion to Disqualify Counsel for Defendant.[6]
On February 11, 2016, Appellant filed a memorandum in response to the District's memorandum in opposition to arbitration. Also on that date, the trial court entered an order denying Appellant's Motion to Extend Time or Stay Proceedings Pending Outcome of Arbitration.[7]
On February 26, 2016, the trial court entered a Memorandum and Order denying Appellant's Motion to Join party cross-defendants and second Motion to Disqualify Defense Counsel. The court's order states Appellant noticed the motions for hearing on February 11, 2016, but failed to appear at the hearing. After waiting one hour, the court took up Appellant's motions and denied them. The court's order also clarifies that its February 11, 2016 Order denying Appellant's Motion to Stay Proceedings included a denial of Appellant's Motion to Compel Arbitration.
On June 14, 2016, the District filed its Motion for Summary Judgment and Statement of Uncontroverted Material Facts in support of the motion.[8]
On October 6, 2016, Appellant filed his response to the District's Statement of Uncontroverted Material Facts.
On January 12, 2017, the trial court entered its Judgment and Order granting the District's Motion for Summary Judgment and denying Appellant's Second Motion for Summary Judgment.
*529 On February 3, 2017, the District dismissed its counterclaims against Appellant without prejudice. On February 21, 2017, the trial court entered an order dismissing the District's counterclaims.[9] This appeal follows.
Points Relied On
In his first point on appeal, Appellant argues the trial court erred in denying his Motion to Compel Arbitration because he and the District had entered into a written agreement to submit the claims related to the employment contract between them, as well as the claims arising under the Settlement Agreement, to binding arbitration in exchange for Appellant vacating his position as legal officer.
In his second point on appeal, Appellant argues the trial court erred in denying his Motion for Summary Judgment while granting the District's Motion for Summary Judgment because he was entitled to summary judgment as a matter of law and the District was not, in that the trial court's Order and Judgment was not supported by substantial evidence, was against the weight of the evidence, and erroneously declared and applied the law.
In his third point on appeal, Appellant argues the trial court erred in denying his Motion to Join Gray and Johnson Gray as third-party defendants on his claim for indemnity for legal malpractice related to legal advice Gray gave Appellant and the District about the Settlement Agreement and Arbitration Agreement because he had a right to join a third-party claim for indemnity alleging legal malpractice on the part of the District's defense counsel arising from the same and common questions of facts and law asserted by the District in its counterclaim for legal malpractice against Appellant, in that there was no substantial evidence to support the court's denial of said Motion to Join, it was against the weight of the evidence, and it erroneously declared and applied the law.
In his fourth point on appeal, Appellant argues the trial court abused its discretion in denying his Motion to Disqualify Defense Counsel because Gray provided Appellant and the District legal advice on the Settlement Agreement and the Arbitration Agreement and thus there was both a conflict of interest and defense counsel was a necessary witness who would testify at trial on the issues before the court.
Discussion
In this case, Appellant's legal file fails to sufficiently comply with Rule 81.12[10] to allow review of the points asserted and his case must be dismissed.
" 'The purpose of the legal file is to give the appellate court exact copies of the relevant documentary record necessary to decide the issues on appeal and to facilitate the accessibility of these documents.' " Washington v. Blackburn, 286 S.W.3d 818, 823 (Mo. App. E.D. 2009), quoting Kent v. Charlie Chicken, II, Inc., 972 S.W.2d 513, 516 (Mo. App. E.D. 1998).
Rule 81.12(a), titled "Contents of Record on Appeal[,]" states: "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." The appellant is responsible for preparing the legal file. See Rule 81.12(b) ("The appellant shall prepare the legal file."); Rule 81.12(b)(2)(A) (titled "Duty of Appellant to Compile the Legal File[,]" and providing *530 the method the appellant is to use to prepare the legal file in the event he is unable to create a system-generated legal file under Rule 81.12(b)(1) ); Rule 81.12(b)(2)(B) ("... appellant shall order any documents that are needed for the legal file from the clerk of the trial court within 30 days after the notice of appeal is filed."); Rule 81.12(d) ("Within the time prescribed by Rule 81.19, the appellant shall cause the record on appeal to be prepared in accordance with the provisions of Rule 81 and to be filed with the clerk of the proper appellate court."); Kent, 972 S.W.2d at 516.
The legal file should always include "the docket sheet ...; the pleadings upon which the action was tried, the verdict, the findings of the court or jury, the judgment or order appealed from, motions and orders after judgment, and the notice of appeal, together with their respective dates of filing or entry of record...." Rule 81.12 (b)(2)(C).
Further, Rule 81.12(b)(2)(E), titled "Form-Index and Page Numbers[,]" states:
The legal file shall be so labeled with a cover page numbered as page 1. The documents in the legal file shall begin with a docket sheet or case record. The oldest document shall follow the docket sheet, with the remaining documents arranged in chronological order, ending with the notice of appeal. The pages of the legal file shall be numbered consecutively and shall contain a complete index at the front thereof designating the specific volumes and pages where the particular records, pleadings, motions, verdicts, judgment, orders, instructions, evidence, exhibits, and documentary evidence may be found. If the legal file exceeds one volume, a complete index shall be included at the beginning of each volume....
We begin with Appellant's noncompliance with Rule 81.12(b)(2)(E) requiring the documents in the legal file to be arranged in chronological order beginning with the oldest document and contain a complete and accurate index.
Appellant did not just fail to arrange the documents in the legal file in chronological order but he seemingly arranged them in no discernible order, with documents scattered throughout his three legal files. Even documents that would be filed together, such as a motion for summary judgment and the statement of uncontroverted material facts supporting the motion, are inexplicably not located next to each other in the legal file. Some documents are included more than once, and the index excludes some documents and misidentifies others. Appellant repeated the misidentification of documents in his brief in violation of Rule 84.04(c) requiring all statements of fact in the brief to have a specific page reference to the relevant portion of the record on appeal. Appellant also omitted dates from his filings, requiring this Court to go line by line through the docket sheet and then search through the index and legal file in an attempt to locate the correct document.
It is always the Court's preference to resolve an appeal on its merits. Bank of New York Mellon Tr. Co., N.A. v. Jackson, 484 S.W.3d 814, 816 (Mo. App. W.D. 2015). The preference is so strong, this Court went beyond its required duties and invested an inordinate amount of time combing through Appellant's legal file in the hopes that doing so would permit a decision on the merits. See Blackburn, 286 S.W.3d at 823 (failure to comply with Rule 81.12 hinders review and places an unfair burden on the court to locate documents in the record). However, this effort revealed another fatal error to Appellant's appeal, *531 the omission of documents necessary for a review on the merits.
While this Court prefers to decide cases on the merits, the lack of a proper record of the trial court proceedings can prevent a review of the issues. Jackson, 484 S.W.3d at 816. "Without a proper record on appeal, this court has nothing to review." Blackburn, 286 S.W.3d at 823 ; see also Kent, 972 S.W.2d at 516 ; and Washington v. Gillespie, 286 S.W.3d 826, 827-28 (Mo. App. E.D. 2009).
Appellant raised four points on appeal and failed to include in the appellate record a document necessary to this Court's consideration of each and every issue.
In his first point, Appellant challenges the trial court's denial of his Motion to Compel Arbitration but did not provide this Court with the trial court's February 11, 2016 Order denying the motion. Instead, Appellant provided this Court with a copy of the trial court's February 26, 2016 Order in which the trial court states, "The Court also hereby clarifies that its Order of February 11, 2016, denying Plaintiff's Motion to Stay Proceedings, included a denial of Plaintiff's Motion to Refer to Arbitration and/or Compel Arbitration." As the trial court's February 26, 2016 Order clearly indicates, the court denied Appellant's Motion to Compel Arbitration on February 11, 2016, but Appellant has failed to provide this Court with a copy of trial court's order of which he is seeking review. This failure prevents us from reviewing Appellant's first point. See Rule 81.12(b)(2)(C) ("The legal file should always include ... the judgment or order appealed from....").
In his second point, Appellant argues the trial court erred in granting the District's Motion for Summary Judgment while denying his Second Motion for Summary Judgment.[11] While Appellant included copies of the Statement of Uncontroverted Material Facts for each motion, Appellant did not include a copy of either motion in his original legal file or his first supplemental legal file.[12] Furthermore, Appellant provided this Court with only some of the exhibits that were filed in support of the parties' Statements of Uncontroverted Material Facts.
The omission of the District's Motion for Summary Judgment from the record was readily apparent as the item was not listed in Appellant's index to the legal file and was not at the page cited in Appellant's brief. Appellant filed a second supplemental legal file, which contained his Second Motion for Summary Judgment but not the District's Motion for Summary Judgment.
As already noted, however, it is Appellant's responsibility to prepare the legal file, which shall include all of the pleadings and evidence upon which the action was tried and necessary to the determination of the issues presented. Rule 81.12(a); Rule 81.12(b)(2)(C); Coyne v. Coyne, 17 S.W.3d 904, 906 (Mo. App. E.D. 2000). It is impossible for this Court to review the propriety of the trial court's entry of summary judgment without knowing the contents of the District's motion or whether the parties'
*532 competing Statements of Uncontroverted Material Facts were supported by the exhibits filed.
Although Appellant eventually filed a copy of his Second Motion for Summary Judgment, the trial court's denial of this motion is reviewable only when the merits of the motion are completely intertwined with a grant of summary judgment in favor of the opposing party. Stacy v. Bar Plan Mut. Ins. Co., 522 S.W.3d 914, 918 (Mo. App. E.D. 2017). Without the District's motion, this Court is unable to assess whether the denial of Appellant's motion is completely intertwined with the grant of the District's motion; thus, the denial of Appellant's Second Motion for Summary Judgment is not reviewable.
In his third point, Appellant asserts the trial court erred in denying his Motion to Join Gray and Johnson Gray as third-party defendants in order to bring a claim for indemnity for legal malpractice related to alleged legal advice Gray gave Appellant and the District about the Settlement Agreement and Arbitration Agreement. While Appellant filed copies of his Motion to Join and the trial court's order denying the motion, he did not provide this Court with a copy of his filing titled "Answer to Counterclaim, Affirmative Defenses, Counterclaims and Cross-Claims." Appellant's Motion to Join states only that he is seeking to join Gray, Johnson Gray, and two other named principals in the law firm in order to file cross-claims for indemnity on the District's counterclaim against him. Appellant's Motion to Join does little more than identify the parties he seeks to join and assert he is seeking to bring claims against the parties as "more specifically set forth in [Appellant's] Cross-Claim for Damages and Indemnity Against [the District's] Counsel, that is adopted and incorporated by reference in support of this motion and is being filed with the court, contemporaneously with this motion." While Appellant asserts on appeal that his cross-claim was based on the third-parties' alleged legal malpractice, nothing in his Motion to Join indicates such. Simply stated, this Court cannot review the propriety of the trial court's denial of Appellant's Motion to Join without Appellant's filing setting forth his claims against the proposed third-party defendants.
In his fourth point, Appellant challenges the trial court's denial of his Motion to Disqualify Defense Counsel asserting Gray provided Appellant and the District legal advice on the Settlement Agreement and the Arbitration Agreement, and thus there was both a conflict of interest and defense counsel was a necessary witness who would testify at trial on the issues before the court.
In his brief, Appellant asserts he filed a Motion to Disqualify Defense Counsel on January 13, 2015, and that the trial court denied said motion. Presumably, Appellant is appealing from the denial of this motion. Appellant's brief provides no citation to where his January 13, 2015 motion is located in the legal file. This Court's exhaustive review of the record reveals Appellant filed a Motion to Disqualify Defense Counsel on December 27, 2014, which was denied by the trial court on February 2, 2015. Interestingly, Appellant's brief fails to mention the fact that he actually filed a second Motion to Disqualify Defense Counsel on January 21, 2016, titled in the docket sheet as "First Amended Motion to Disqualify Counsel[,]" which was denied by the trial court on February 26, 2016. While Appellant included copies of his first motion to disqualify and the trial court's orders denying both of his motions, he did not file a copy of his First Amended Motion to Disqualify Counsel in the legal file. Again, without Appellant's motion, this *533 Court cannot review the trial court's denial of the motion.
For the reasons set forth above, the record on appeal is inadequate and preserves nothing for review. The Court always prefers to decide cases on the merits but, despite our best efforts to do so, the deficiencies in the record require the Court to dismiss the appeal.
Conclusion
The appeal is dismissed.[13]

All statutory references are to RSMo. 2006.

Robert Edwards is no relation of Bernard F. Edwards, Jr. To avoid confusion, Robert Edwards shall be referred to as Edwards and Bernard F. Edwards, Jr. as Appellant.

Appellant mislabeled this motion in the legal file index as his "Second Motion for Summary Judgment."

Appellant did not include a copy of his motion in his legal file or supplemental legal file originally filed with this Court. Appellant subsequently filed a second supplemental legal file that included this document. Appellant did include a copy of his Statement of Uncontroverted Material Facts in the legal file.

Appellant did not include a copy of this document in the record on appeal.

Appellant did not include a copy of this document in the record on appeal.

Appellant did not include a copy of this document in the record on appeal.

Appellant provided this Court with a copy of the District's statement of uncontroverted material facts but did not provide a copy of the District's Motion for Summary Judgment.

A copy of this order does not appear in the record on appeal.

All rule references are to Mo. R. Civ. P. 2017.

Notably, Appellant's point on appeal inaccurately states he is appealing from the denial of his Motion for Summary Judgment instead of his Second Motion for Summary Judgment. Rule 84.04(d)(1)(A) requires the brief to identify the trial court ruling being challenged.

In his index to the legal file and in his brief, Appellant misidentified his Motion for Summary Judgment as his Second Motion for Summary Judgment. When Appellant cites to the District's Motion for Summary Judgment in his brief, he cites to the page where the District's Statement of Uncontroverted Material Facts appears in the legal file.

The District's Motion to Dismiss Appeal asserting the appeal is untimely is denied. Appellant's request for an award of attorney's fees for responding to the District's Motion to Dismiss is denied.