

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

TOM BURKE,     )
    )
    Appellant,     )
    )
v.     )     WD82249
    )
CARMEN MCHENRY and     )     Opinion filed:  October 8, 2019
JACOB MCHENRY,     )
    )
    Respondents.     )

**APPEAL FROM THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI**
**THE HONORABLE THOMAS CLARK FINCHAM, JUDGE**

Before Division Three:  Alok Ahuja, Presiding Judge,
Edward R. Ardini, Jr., Judge and Thomas N. Chapman, Judge

Tom Burke ("Burke") appeals the judgment of the Circuit Court of Platte County awarding Carmen McHenry and Jacob McHenry (individually, "Carmen" and "Jacob," and collectively, "the McHenrys") attorney's fees and lost rental income from a supersedeas bond posted by Burke. We affirm in part and reverse in part.

## Factual and Procedural Background

Burke purchased real property in Platte County in the early 1980s, which now consists of over ninety acres and includes three residences and a number of other buildings such as sheds and garages (the "Farm"). Burke resided on the Farm from the time he purchased it until 2014, but was regularly away over three hundred nights a year due to his cattle auction business. In 2001, Burke

invited Carmen, his biological daughter, to live on the Farm with her family.[1] The McHenrys have lived on the Farm since that time. In December 2003, Burke executed and recorded deeds transferring his interest in the Farm and in a separate parcel in Smithville, Missouri (the "Smithville Property") to Carmen.

From 2003 to 2014, Burke continued to pay the real estate taxes and property insurance on both properties. In 2014, Burke sent a letter to Carmen informing her that he was leaving the Farm and the McHenrys were to takeover payment of property-related expenses moving forward, which they did. In 2016, Burke requested that Carmen deed the properties back to him. Carmen refused to transfer her interest in the Farm because she lived there with her family, but she did transfer the Smithville Property to Burke.

Burke filed an action in the Circuit Court of Platte County against the McHenrys seeking to quiet title to the Farm, alleging breach of an oral agreement and asserting claims for unjust enrichment and specific performance. The McHenrys counterclaimed, seeking to quiet title in their favor. Following a bench trial, the trial court entered judgment quieting title in the McHenrys and denying all other relief. The judgment also ordered that "each party shall be responsible for their individual costs of this litigation, including but not limited to, reasonable attorney's fees and that Defendants Jacob McHenry and Carmen McHenry shall be responsible for any Court costs associated with this litigation."

Burke appealed the trial court's judgment and sought leave of this Court to file a supersedeas bond pursuant to Rule 81.10.[2] The McHenrys opposed the request. This Court granted

---

[1] Burke did not have a relationship with Carmen until the early 2000s when she was approximately twenty-seven years old.

[2] All rule references are to the Missouri Supreme Court Rules, updated through the 2016 supplement.

Rule 81.10 states, in relevant part, that "[a]fter the notice of appeal is filed, the application to file a bond may be made only in the appellate court. The appellate court may in its discretion decline to grant the application, issue a stay upon

2

Burke's motion and remanded to the trial court "for the purpose of fixing the amount of the supersedeas bond, approval of the form of the bond and the surety or sureties thereon in conformity with Rule 81.09." After hearing evidence,[3] the trial court set the bond at $25,000.00.

This Court affirmed the trial court's judgment in case number WD80589. Following issuance of our mandate,[4] the McHenrys filed with the trial court a motion for judgment against Burke's appeal bond. The motion sought "damages arising from the delay of the execution of their judgment" under two categories: 1) attorney's fees in the amount of $12,639.55 and 2) lost rental income for a cottage located on the Farm in the amount of $11,200.00. The motion was accompanied by an affidavit executed by the McHenrys relating to their claim for attorney's fees (together with a copy of a detailed invoice from counsel's law firm). In addition, the affidavit referenced Carmen McHenry's previous testimony to the trial court concerning the lost rental income for the cottage and provided additional facts relevant to that claim.

A hearing on the McHenrys's motion was held at which no witnesses testified, but the trial court was requested to take judicial notice of Carmen's prior testimony relating to lost rental income. The trial court issued a judgment against Burke's supersedeas bond in the amount of $23,839.55. Burke appeals from that judgment.

**Discussion**

Burke raises two points on appeal: In Point I, Burke argues that the trial court misapplied the law when it awarded the McHenrys their attorney's fees incurred during the original appeal in

---

such terms with respect to a supersedeas bond as may be appropriate, or remand to the trial court for a determination in accordance with Rule 81.09."

[3] A transcript of this hearing was not included in the record on appeal.

[4] The mandate was issued on August 22, 2018, after Burke unsuccessfully sought rehearing and transfer in this Court and transfer in the Missouri Supreme Court.

3

this matter from his supersedeas bond. In Point II, Burke argues that the trial court's award of lost rental income to the McHenrys was not supported by substantial evidence.

*Point I – Award of attorney's fees on appeal*

In Point I, Burke argues that the trial court misapplied the law when it awarded $12,639.55 from the supersedeas bond to the McHenrys for attorney's fees incurred during the original appeal. We agree.

The posting of a supersedeas bond operates to stay execution of a judgment. Rule 81.09(a). "The bond shall be conditioned for the satisfaction of the judgment in full" and, "[w]hen the judgment determines the disposition of the property in controversy. . . the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay." Rule 81.09(b). *See also* § 512.080.2, RSMo ("The bond shall be conditioned for the satisfaction of the judgment in full together with costs, interest, and damages for delay . . . .").[5]

The supersedeas bond posted by Burke stayed enforcement of the trial court's judgment quieting title to the Farm in favor of the McHenrys during the pendency of the original appeal. The supersedeas bond however, did not operate to stay or secure an award of attorney's fees. The trial court had, in the original judgment, denied the McHenrys's request for attorney's fees; a ruling that was not challenged on appeal. In addition, the McHenrys made no application to this Court for an award of attorney's fees on appeal.[6]

---

[5] Statutory references are to the Missouri Revised Statutes (2016).

[6] "Any party claiming an amount due for attorney's fees on appeal pursuant to contract, statute or otherwise and which this Court has jurisdiction to consider, must file a separate written motion before submission of the cause. This shall not apply to claims for damages under Rule 55.03 or Rule 84.19" Missouri Court of Appeals Western District Special Rule 29 (2004).

The McHenrys instead *obtained* an award of their attorney's fees incurred on appeal through a motion brought *against* the supersedeas bond posted by Burke. Offensive use of a supersedeas bond in this manner finds no support in Rule 81.09.

"Missouri follows the American Rule, which provides that, absent statutory authorization or contractual agreement, with a few exceptions, each litigant must bear his own attorney's fees." *K.C. Air Cargo Servs, Inc. v. Kansas City*, 523 S.W.3d 1, 12 (Mo. App. W.D. 2017) (internal quotation and citation omitted). On appeal, the parties agree that there existed no statutory or contractual basis for the award of attorney's fees in this case. Instead, the McHenrys argue that "in the absence of a statute or contract, it is still within the circuit court's discretion to award attorneys' fees when unusual or exceptional circumstances exist." *Barkho v. Ready*, 523 S.W.3d 37, 46 (Mo. App. W.D. 2017) (internal citation omitted); *Barr v. Mo. State Dep't of Social Servs*, 565 S.W.3d 683, 691 (Mo. App. W.D. 2018) (stating that when there exists no statutory basis for granting attorney's fees, "an unusual circumstance demanding equity must be shown, or a special circumstance showing conduct that was frivolous, reckless, punitive, or without substantial legal grounds must be present.").

While the McHenrys rely extensively on the "unusual or exceptional circumstances" exception in their brief to this Court to support the trial court's award, we note that they did not argue this basis to the trial court, and the trial court did not find the existence of "unusual or exceptional circumstances." We cannot sustain the trial court's award of attorney's fees based on an argument not presented to the trial court, and findings it never made.[7] Rather, the McHenrys

---

[7] The McHenrys argue that "the only logical conclusion to be drawn" from the trial court awarding their attorney's fees incurred during the underlying appeal is that the trial court "applied the unusual and exceptional circumstances" exception. The McHenrys then direct us to various parts of the record from the original appeal to attack Burke's credibility, "reckless behavior, the clear lack of substantial legal grounds for his claims, and the frivolous nature of his lawsuit and appeal." While this conduct might, in some instances, be grounds to award attorney's fees under the "unusual and exceptional circumstances" exception, we have not been directed to any authority permitting such a

asserted below that they were entitled to their attorney's fees incurred during the original appeal as "damages arising from the delay of the execution of their judgment…." Rule 81.09 does permit a party to recover "damages from delay" from a supersedeas bond, however these damages are limited to "such damages arising from the delay occasioned by the appeal as may properly constitute legal damage to the party delayed." *Green v. Perr*, 238 S.W.2d 922, 924 (Mo. App. 1951). The McHenrys's attorney's fees in the original appeal were not incurred "from the delay of the execution of their judgment," but instead were due to Burke exercising his right as an aggrieved party to seek appellate review of the trial court's original judgment.[8] As such, they are not recoverable under Rule 81.09 as "damages for delay."[9]

The posting of a supersedeas bond under Rule 81.09 provides protections to a prevailing party while also benefiting an appellant by staying execution of a judgment during the appellate process. It does not, as the McHenrys seem to urge, provide an alternate means to obtain relief previously denied or never requested. The trial court denied the McHenrys request for an award of attorney's fees in the original judgment—a ruling that was not appealed. In addition, the McHenrys made no request for an award of attorney's fees incurred on appeal to this Court during the original appeal. The posting of a supersedeas bond by Burke did not provide the McHenrys an independent vehicle to seek such relief and did not vest the trial court with the authority to grant such a request.

Point I is granted.

---

request to be brought against a supersedeas bond *after* an appeal. We are similarly dubious of a trial court's authority to award attorney's fee *incurred on appeal* absent the request being filed with and decided by an appellate court.

[8] As a result, the attorney's fees would have been incurred by the McHenrys during the appeal regardless of the judgment having been stayed by the posting of the supersedeas bond by Burke.

[9] In addition, the trial court's award of attorney's fees cannot be justified as "costs of appeal" within the meaning of Rule 81.09. *See Midland Prop. Partners, LLC v. Watkins*, 416 S.W.3d 805, 818 (Mo. App. W.D. 2013)("[I]t is generally understood that the term 'costs,' when used in the statutory context, does not include attorneys' fees."); *Reed v. City of Springfield*, 841 S.W.2d 283, 286 (Mo. App. S.D. 1992)("Attorney fees are generally not considered to be costs.").

### *Point II – Award of lost rental income during appeal*

In Point II, Burke alleges that the trial court erred in awarding lost rental income to the McHenrys from the supersedeas bond, arguing it was not supported by competent evidence.[10] We disagree.

"Our review of a court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976)." *Rosehill Gardens, Inc. v. Luttrell*, 67 S.W.3d 641, 645 (Mo. App. W.D. 2002)). "As such, we will affirm the trial court's award in favor of the respondent unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Id.* (citing *Murphy*, 536 S.W.2d at 32) (additional citation omitted). "Substantial evidence is evidence that, if believed, has some probative force on each fact that is necessary to sustain the circuit court's judgment." *Ivie v. Smith*, 439 S.W.3d 189, 199 (Mo. banc 2014). "Evidence has probative force if it has any tendency to make a material fact more or less likely." *Id.*

"When considering whether a judgment is supported by substantial evidence, appellate courts must view the evidence in the light most favorable to the trial court's judgment, defer to the trial court's credibility determinations, and accept as true the evidence and inferences favorable to the judgment while disregarding contrary evidence." *Holm v. Wells Fargo Home Mortgage, Inc.*, 514 S.W.3d 590, 596 (Mo. banc 2017) (citation omitted). "'In reviewing a court-tried case to determine whether the judgment is supported by sufficient evidence, we must act with caution and will reverse only upon a firm belief that the judgment is wrong.'" *Southside Ventures, LLC v. La Crosse Lumber Co.*, 574 S.W.3d 771, 784 (Mo. App. W.D. 2019) (quoting *Wertz-Black v. Guesa USA, LLC*, 524 S.W.3d 68, 72 (Mo. App. W.D. 2017).

---

[10] Unlike the attorney's fees discussed in Point I, lost rental income was damage incurred due to the delay occasioned by execution of the underlying judgment being stayed and was thus properly pursued against the supersedeas bond.

To succeed on a substantial-evidence challenge, Burke must show "that there is no evidence in the record tending to prove a fact that is necessary to sustain the circuit court's judgment as a matter of law." *Ivie*, 439 S.W.3d at 200. Burke argues that there was no evidence presented to support the lost rental amount for the cottage on the Farm. The McHenrys counter by referencing evidence presented at a hearing[11] conducted by the trial court to set the amount of the supersedeas bond and to an affidavit executed by the McHenrys that accompanied the motion for judgment against the supersedeas bond that asserted they suffered lost rental income of $700.00 per month for a total of $11,200.00; the amount awarded by the trial court. "Missouri courts have often held that a property owner is competent to express an opinion as to the value of [her] own property." *Union Elec. Co. v. Estes*, 534 S.W.3d 352, 372 (Mo. App. W.D. 2017). Therefore, we find the trial court's award of $11,200.00 for lost rental income was supported by substantial evidence.

Point II is denied.

### Conclusion

The judgment of the trial court is affirmed in part, reversed in part, and judgment is entered against the supersedeas bond, pursuant to Rule 84.14,[12] in the amount of $11,200.00.

EDWARD R. ARDINI, JR., JUDGE

All concur.

---

[11] The transcript of this hearing is not contained in the legal file in this case. An appellant "has the duty to prepare a legal file so that the record contains all evidence necessary to make determinations on the issues raised." *In Interest of B.H., III*, 527 S.W.3d 167, 172 n.6 (Mo. App. W.D. 2017) (citing *Bank of New York Mellon Trust Co., N.A. v. Jackson*, 484 S.W.3d 814 (Mo. App. W.D. 2015)). "When a party fails to provide this court with . . . [a] transcript, we assume that [it] does not aid [his] appeal." *Id.* (quoting *Young v. Pitts*, 335 S.W.3d 47, 67 n.15 (Mo. App. W.D. 2011)).

[12] Rule 84.14 provides that "[t]he appellate court shall award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, in whole or in part, or give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case."